## LANDER V. ROUNSAVILLE.

Where the vendor in an executory contract for the sale of land, took three notes for the purchase money in sums less than one hundred dollars each, and recovered judgment on two of them in a Justice's Court, and then sued in the District Court to subject the land to his vendor's lien, praying that out of the proceeds his demand might be discharged, and for general relief, the Court treated the suit as substantially a suit on the judgments and remaining note, and sustained it.

Several judgments of a Justice's Court, amounting in the aggregate to one hundred dollars, may be joined and sued in the District Court.

It is not necessary to issue execution on judgments of a Justice's Court, before suing on them in the District Court; but it seems, the District Court has power to prevent the harrassment of the defendant by a vexatious repetition of suits.

If the application were to enforce a judgment of the District Court against any special property or right in property, such judgment need not be re-entered. But where it is on judgments before a magistrate, and especially where a portion of the claim still exists in contract, then a judgment should be rendered in form for the amount of the claim, with specific directions, to meet the prayer of the petition and the exigencies of the case.

As long as the purchase money remains unpaid, (in an executory contract,) the vendor has the superior title to the land, which he may enforce by action of trespass to try title; or, the vendee being in default, he may treat the contract as abandoned, and sell the land to another.

The vendee's possession under an executory contract for the sale of lands, cannot avail him for protection under the statute of limitations, against the vendor, for until payment the statute will not run in his favor.

Error from Rusk. In the petition the plaintiff alleges the sale by himself and another, of a tract of land to the defendant, for a specified sum of money, and that they executed to the defendant a bond title; that in consideration thereof, and to secure payment of part of the purchase money, the defendant executed, in favor of plaintiff, three notes of hand, on two of which the plaintiff subsequently recovered judgments before a Justice of the Peace, which said judgments remain in force unsatisfied; and the defendant is alleged to be insolvent, having no property subject to execution, sufficient to satisfy said demands. The petitioner prays that his lien on said

land, for the payment of the purchase money, be enforced, that said land be decreed to be sold, and out of the proceeds of the sale, that the said demands be discharged; that the purchaser be placed in possession of said land, and that such other and further relief may be granted as may seem just.

The defendant pleaded in evidence and by way of cross petition, a defect in the vendor's title, and that he had made improvements, &c.

The cause having been continued for three Terms, was, at the fourth, dismissed on the ground of the insufficiency of the petition.

*J. C. Robertson*, for plaintiff in error.

*Parsons* and *Armstrong*, for defendant in error. We think that if the plaintiff could come to the District Court at all, (after having elected to sue in the Court of the Justice of the Peace,) he could only resort to that Court, after having exhausted his means in the Justice's Court. He should have shown in his petition to the District Court, that he had issued execution from the Justice's Court, and that the same had been returned no property found, before he could come to the District Court, and ask for a decree of sale, selling the land. We further think that he could have levied upon, and sold the land by virtue of the execution from the Justice's Court; and if he could do this, he certainly would have no right to resort to the District Court in order to have the judgment of the Justice of the Peace enforced, and this too after he had elected to bring his suits in the Justice's Court.

The notes sued upon in this case are of amount sufficient to have authorized the plaintiff to have brought suit in the District Court, and as he has elected to sue in the Court of the Justice of the Peace, he must be content with such remedies, and reliefs, as that Court is able to confer upon him, and cannot harrass the defendant by two suits upon the same cause of action, and in separate Courts at the same time.

HEMPHIL, CH. J. No exceptions to the petition appear in the record; but in the judgment, the fact of their being filed is recited, though, of the special grounds which were assumed in them, we are not apprised.

In the motion for a new trial, the second ground is the alleged error in dismissing the plaintiff's cause for want of jurisdiction in the District Court.

If this be the ground on which the exceptions to the petition were sustained, we are of opinion that the decision is erroneous. There can be no doubt of the jurisdiction of the District Court, where the demand is or exceeds one hundred dollars ; or that an unsatisfied judgment of a magistrate's Court is a good cause of action, and may be enforced by suit, and that where judgments in that Court exceed, in the aggregate, one hundred dollars, the suit may be brought on them separately before the Justice of the Peace, or on their joint amount in the District Court. If repeated suits were attempted on judgments, no doubt the Courts possess competent powers to restrain such vexatious litigation, but this has no application to the first suit, or in cases marked by circumstances analagous to those in the case before the Court.

This petition contains substantial allegations of merits, which, if true, must entitle the plaintiff to redress. It sets forth a meritorious cause of action. The notes and their breach are not only described, but their special consideration is also alleged, and for some reason he has deemed it necessary that there should be a decree, especially authorizing the vendee's right in the land to be sold in satisfaction of his, the vendor's lien, and he has accordingly prayed for such decree.

The only objection which could be urged to the petition, is, that it does not pray in form for a judgment on the judgments before the magistrate, and on the third note which was not sued before the Justice. The allegations and prayer of the petition are so vague that there is some doubt whether this last note be or not really included in this action. But as the prayer is that his lien for the purchase money be enforced,

and his claims be paid out of the proceeds, there is a reasonable presumption that the last note was intended to be included. The plaintiff should have prayed for a judgment in form, upon his claims, with a specific decree that the lands be sold in satisfaction of said judgment. If the application were to enforce a judgment of the District Court against any special property or right in property, such judgment need not be re-entered. But where it is on judgments before a magistrate, and especially where a portion of the claim still exists in contract, there a judgment should be rendered in form for the amount of the claim, with specific directions, to meet the prayer of the petition and the exigencies of the case.' But, upon considering the whole of the prayer for relief, it may be regarded as including a prayer for a formal judgment, if one were deemed necessary, and that, therefore, on that ground, there is no substantial defect in the petition.

This ground of objection to the petition is not relied upon in the arguments of counsel, and most probably it was not taken below.

It is difficult to imagine any advantage which could possibly accrue to the defendant, from the dismissal of this petition. If it were finally dismissed, still as long as the purchase money remains unpaid, the vendor has the superior title to the land, which he might enforce by an action of trespass to try title ; or, the vendee being in default, he might treat the contract as abandoned, and sell the land to another. The vendee's possession cannot avail him for protection under the statute of limitations, for until payment under an executory contract, for the sale of lands, the statute will not run in his favor.. He cannot ultimately resist the demand of the plaintiff, unless he have countervailing and controlling equities. These he has pleaded by way of reconvention or cross petition, and the more speedily they are adjudicated, the better it will be for the parties litigant.

We are of opinion that there was error in sustaining the exceptions to the plaintiff's petition, and dismissing the cause,

and it is therefore ordered, adjudged and decreed, that the judgment be reversed and the cause remanded.

Reversed and remanded.