FRED. ENDE V. P. H. W. SPENCER.

Where the principal debtor, against whom several judgments were rendered by a magistrate, was dead and his estate insolvent, the magistrate dead and his records lost, and the amounts of the judgments aggregated over one hundred dollars—*held*, that the surety on the bonds to stay execution might be sued in the District Court for the amount of the judgments.

APPEAL from Hunt. Tried below before the Hon. W. H. Andrews.

Appellant filed his petition in the court below upon two judgments rendered by a justice of the peace against Nathaniel Hine on the sixth day of October, 1861. Executions were stayed by appellee, as surety, within ten days; the aggregate amount of the judgments exceeded one hundred dollars. The petition, in addition to stating the rendition of the judgments and entering stay of execution, alleged in substance that the principal, Nathaniel Hine, was dead, and his estate insolvent; that the docket of the justice and papers in the case were lost, and the justice dead. The petition prayed a recovery for the amount of the judgments, with interest and costs. To this petition the court sustained a general demurrer, from which an appeal was taken.

*Throckmorton & Brown*, for appellant.—There was no data from which to substitute the judgment; all of the papers are alleged to have been lost. If no substitution could have been made, either for want of authority for

Opinion of the Court.

the proceeding, or because there was no data, then the remedy must be by suit. If the judgments were each for less than one hundred dollars, but in the aggregate more than that sum, a suit might have been commenced upon each in the justice's court, or upon both in the District Court. This is in strict accord with the decision of Lander v. Rounsaville, 12 Texas, 195.

*W. C. Jones*, for appellee.—Plaintiff's remedy, if any he had, was by motion in the justice's court where the two judgments sued on in this cause were rendered, setting forth the loss or destruction of the papers and records in each cause. (Arts. 4969 and 4970, Paschal's Digest.)

WALKER, J.—This is an appeal from the judgment of the District Court sustaining a general demurrer. The appellee had become security for stay of execution rendered against one Hine in 1861 in a justice's court. The justice was dead, and his docket and all the papers in the cases lost or destroyed. The plaintiff below brought his action in the District Court to revive these judgments. The case of Lander v. Rounsaville, 12 Texas, 195, was a similar case, except that in that case the plaintiff sought to enforce a vendor's lien. But the reasoning of the court would sustain the right of the plaintiff in this case to bring his action in the District Court, and we do not see any objection to it. The judgments may not have been dormant, but they would have to be revived or substituted; and the amount being within the jurisdiction of the District Court, there can be no objection to suing in that court, and counting on the facts, as they existed, to support the action.

In most of the States provision is made by statute for bringing a judgment from a justice's court to a court of record on *scire facias* to bind lands. It may have been

the plaintiff's object in this case to place himself on a better footing in the District Court than he had in the justice's court; but whatever may have been his object, we think he had a right to bring his suit as he did. The judgment of the District Court is therefore reversed and the cause remanded.

REVERSED AND REMANDED.