A. BRADSHAW ET AL. v. T. W. HOUSE.

1. PRIORITY OF LIEN.—A purchaser of land at a sale, under an order of court enforcing against the property of an estate the lien reserved by law in favor of a creditor, takes title as against a purchaser of such property at a sheriff's sale, under a personal judgment against a distributee and in favor of a creditor who might have enforced his lien against such property, but did not do so.

2. SAME.—*Quere?* Whether the purchaser at such sheriff sale under execution may not be subrogated to the rights of the judgment creditor, and still subject the proceeds of the sale to his debt, as against the creditor first enforcing his lien upon the property.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

The facts appear in the opinion.

*A. Bradshaw,* for appellants, cited Wood v. McMeans, 23 Tex., 485; Carroll v. Carroll, 20 Tex., 732; Headley v. Good, 24 Tex., 234; Ansley v. Baker, 14 Tex., 607.

*Samuel H. Renick,* for appellee.

GOULD, ASSOCIATE JUSTICE.—Appellants brought this suit to try the title to two 320-acre tracts of land, both parties claiming under the estate of W. H. S. Verstelle, deceased, who died in the year 1860, leaving a will, authorizing his executors to manage his estate outside of the probate court.

In this will he bequeathed and devised his entire estate, after his debts were paid, to his sister, Mrs. Eliza E. Niverson, to hold "during her natural life for the maintenance and education of herself and children." By a codicil he left an annuity to an uncle in South Carolina. On the 25th day of February, 1861, Mrs. Niverson, joined by her husband, took the steps provided by the 111th section of the probate law of 1848, to enable any one entitled to a portion of an estate to procure a distribution thereof, and having given the bond prescribed, to pay all the debts of the estate, the executor was discharged and the entire estate turned over to her and her husband. By the terms of this statute "a lien exists on all of said estate in the hands of the distributees to secure the ultimate payment of the aforesaid obligation," and any creditor is authorized to sue on said obligation, or to sue the distributees, who are, however, only liable according to the estate received in distribution. (Paschal's Dig., art. 1372.)

In 1866, Charlotte Verstelle, a creditor of the estate, brought suit on this bond, the plaintiff, Bradshaw, being her attorney; and on September 29, 1868, judgment was rendered in her favor against Niverson and wife and their sureties for the amount of her claim, no lien having been claimed or enforced. In August, 1869, execution issued on this judgment and was levied on the land in controversy, and at the sale on the first Tuesday in October ensuing the plaintiffs became the purchasers.

In the spring of 1869, after this judgment was obtained, but before the levy or sale, the defendant, House, also a creditor of the estate, brought suit by publication against

all of the legatees, (who, it seems, were all then non-residents,) alleging the insolvency of the obligors in the bond, and claiming a lien on the property of the estate in the hands of the distributees.   On the 29th of August, 1871, House recovered judgment by default, foreclosing the lien claimed on the lands in controversy as well as other lands, the judgment reciting that the lands had been received by the legatees.   He claims title under an order of sale on this judgment and decree, at which sale he was the purchaser.

In an amended petition, plaintiff alleged that this last judgment was obtained by fraud; that there never had been any partition of the estate amongst the legatees, which was alleged to have been known to defendant.   A jury was waived, and the cause being submitted to the court, judgment was rendered for defendant, and in response to a prayer in his answer it was decreed that the cloud on defendant's title by reason of plaintiffs' claim be removed.

It is not deemed necessary to decide whether Mrs. Niverson, under the will of her brother, took an estate subject to execution or not.   It may well be questioned whether her beneficial interest was not too uncertain to allow of its being subjected to her debts by the mere levy of an execution.   (Gamble *v*. Dabney, 20 Tex., 76; Hendricks *v*. Snediker, 30 Tex., 306.)

Be this as it may, the land was in her hands subject to a lien to secure the ultimate payment of claims against the estate.   A purchaser from her, or under execution against her, could take no better title than she had, and would therefore take subject to the same lien.   The judgment under which plaintiffs claim was nothing more than a personal judgment, and their title is just the same as if they had bought under any other execution against her.   On the other hand, the judgment rendered in favor of House was for the enforcement of the lien given to him in com-

mon with the other creditors of the estate, including Char-
lotte Verstelle. Whether any partition of the estate amongst
the legatees had been made or not, Mrs. Niverson and hus-
band, and all persons to whom the estate could have been
distributed, were parties to that judgment. If, in truth,
the children of Mrs. Niverson had never received any part
of the estate, then it was in the hands of the other defend-
ants, and the judgment would not be less efficacious to
reach the assets of the estate because the children were
unnecessarily made parties. It follows that the purchaser
under this judgment and decree acquired a title superior
to any which could have been derived from Mrs. Niverson.

This result is not varied by the fact that the claim of
Charlotte Verstelle was originally secured by a lien equal
in every respect to that which House enforced. Not having
been enforced, it does not affect the title between the par-
ties. The case of Fisher *v.* Foote, 25 Tex. Supp., 316, is
to the effect that a creditor who has a lien (vendor's) on
land, but takes a personal judgment, under which he has
the land subject to his lien levied on and sold, gets a title
no better on account of the lien, and therefore inferior to
that acquired by a purchaser under a decree enforcing a
mortgage which was subordinate to his lien. McAlpin
*v.* Burnett, 19 Tex., 500; Lander *v.* Rounsaville, 12 Tex.,
195; Colquitt *v.* Thomas, 8 Ga., 258.)

At the time the plaintiffs purchased, House's suit claim-
ing his lien was pending, and was notice to them of his
claim. Their title was acquired *pendente lite,* and it was
not incumbent on defendant to make them parties.

The title of defendant was correctly adjudged superior
to that of plaintiffs, and to this effect judgment was prop-
erly rendered in favor of defendant, and removing the
cloud arising from the title claimed by plaintiffs. It is
deemed proper to add that the pleadings in the case raised
no other issue than that of title, and that the judgment
removing the cloud from defendant's title will not pre-

clude the plaintiffs from setting up any equities to the pro-
ceeds of the sale under the judgment in favor of House
which they may have by reason of the lien held by Char-
lotte Verstelle. Whether any such equities remain in force
is not a question now before us, and on which we do not
desire to be understood as intimating any opinion.

The judgment is affirmed.

AFFIRMED.