JESSE ESTELL v. J. B. D. COLE.

1. PURCHASER—TRESPASS TO TRY TITLE—In trespass to try title, the defendant pleaded, in substance, that the common vendor of both plaintiff and defendant, who was also a party to the suit, had, before the plaintiff's purchase, sold to defendant, who had paid a part of the purchase-money and made valuable improvements; that defendant's contract of purchase contained no stipulation for its forfeiture, or forfeiture of payment and improvements, on non-payment of the purchase-money notes; that the common vendor had, when defendant bought, falsely represented his title to be clear; that he proposed to

bring the unpaid purchase-money into court, to be paid on a decree
of title protecting him against the outstanding claim, and that the
common vendor was insolvent: *Held*, That the answer sufficiently
excused the failure to pay, to prevent—if true and unrebutted—the
forfeiture claimed, and the court erred in striking it out.

2. PARTIES—EQUITY.—In a suit by an insolvent vendor against the ven-
dee to enforce payment of purchase-money for land, the vendee has,
as against his vendor, the right in equity to have the claimants of an
outstanding grant, who assert title, called in, and have the question
settled before he can be evicted or required to pay the balance of the
purchase-money.


APPEAL from McLennan.　Tried below before the Hon. X.
B. Saunders.

Suit was brought by J. B. D. Cole against Estell to try title
to the southeast quarter of the Gholson league of land in Mc-
Lennan county.

The defendant pleaded, first, general demurrer; second, gen-
eral denial; third, not guilty.　Subsequently, by amendment,
he made John Chism, his vendor and warrantor, a party, and
also G. J. and J. P. Martinez del Rio, claimants of an eleven-
league grant covering the land involved, and prayed that the
Rios and his warrantor be compelled to join issue as to title.
Citations were issued, served, and returned.

All the parties appeared, but, upon motion of plaintiff, the
Rios were dismissed from the case, and the trial proceeded,
resulting in a verdict and judgment for plaintiff for the land
and $500 as rent against defendant Estell, and in favor of Chism
against Cole for $2,127.16, being balance of purchase-money
due by Cole to Chism for the land.　From this judgment
Estell appealed.

The defendant, in his amendment, in the nature of a cross-
bill, set up his purchase under written contract or conveyance
by John Chism to him, on the 15th day of January, 1867, at
which time Chism represented that his title to the land was
clear and indisputable; that there was no adverse claim or
outstanding title to the land; that defendant, induced by
these representations, and not knowing anything to the con-

trary, made the purchase, paid Black $500 at the instance and request of Chism as part of the consideration, and gave his notes for the balance of the purchase-money, and was placed in possession by Chism; that he had made permanent and valuable improvements on the land under and by virtue of said purchase and possession, in good faith, of the reasonable value of $2,500, and which had enhanced the value of the whole tract $5,000. The defendant pleaded various equitable excuses for the non-payment of the notes to Chism, among which was the existence of an outstanding older grant issued to Joaquin Moreno, covering the land in controversy, which grant was now claimed by G. J. and J. P. Martinez del Rio, upon which suit had been commenced in the United States Circuit Court, at Austin, against the defendant, by said Rios, for the recovery of said land, and service was had on defendant on or about the         day of November, 1873; that of all this Chism was notified, but that he (Chism) neglected and failed to defend the title and possession of the defendant in said cause as he was bound to do by said writing obligatory, &c.; that Chism was insolvent and could not make good his warranty to defendant in case the Rios should hold the land. He prayed that Chism and the Rios be made parties to the suit, and caused citations to be issued, served, and returned.

John Chism, the vendor and warrantor of both plaintiff and defendant, answered: "That said claim [of said Rios] was a cloud upon his said legal and equitable rights, and that however it may be decided by the court as to the title of said tract of land as between the original parties to this suit,   *   *   * he will be liable to the one or the other on his warranty, if it should turn out that the said claim of the said Rios is valid and superior," therefore "the said Rios are proper and necessary parties. He therefore prays   *   *   * they be held to answer and set up their title, if any they have," &c.

The Rios appeared by their attorney; filed their petition and bond for removal of the case to the Federal court. The defendant Estell amended and concurred in the answer and

cross-petition of Chism in reference to the Rios' title, that the same was a cloud upon Chism's title, and would remain as such upon defendant's title should he succeed in the suit. · He therefore prayed that the same might be adjudicated herein as prayed for by Chism.

It should be observed that defendant prayed the court, in the alternative, to proceed and determine the issues of fact presented and record the same, and to suspend the judgment until Chism could be able to make a clear, legal, and valid title to the land in accordance with his representations and said writing obligatory; "and, when this is done, defendant prays to bring into court the balance due by him, after deducting his damages and equitable offsets aforesaid, and that the court decree title to this defendant and cancel and annul the claim of plaintiff;" that in case the court shall hold that the warranty of Chism was a sufficient protection against the claim of said Rios, then he prayed, in reconvention, $200 expenses, &c., and a reduction of the balance due *pro tanto*, and that he be permitted to bring into court the balance due, to be paid, &c., as in above prayers.   All of which was stricken out.

The pleadings are quite lengthy, and many other facts set forth strangely complicating the case, but it is believed the foregoing presents it as decided.

*James C. Walker,* for appellant.

I. Where the same land has been sold by the same vendor to two different purchasers, the second purchaser, with notice of the first sale, takes (if anything) subject to all the rights and equities of the first purchaser against the common vendor; he stands in the place and stead of the vendor. (Austin *v.* Ewell, 25 Tex. Supp., 407; Story's Eq., secs. 395, 396.)

"He will be decreed to convey the land in the same manner as his vendor." (Id., secs. 784–788; Chesterman *v.* Gardner, 5 Johns. Ch., 29.)

· II. A defendant sued for the recovery of land which he had purchased upon the representation of the vendor that his title

was clear and unquestionable. The defendant, paying part of
the purchase-money and giving his notes for the balance, and
being placed in possession by the vendor, and having made
permanent and valuable improvements thereon, and failing to
pay the notes because of an older outstanding title, of which
he had no notice and did not assume the risk of in such pur-
chase, has the right to call in his vendor and the owner of
such outstanding title, and have the issue of title between such
owner and his vendor adjudicated before he can be evicted by
his vendor, or by a subsequent purchaser with notice. (Wil-
liams v. Bankhead, 19 Wall., 571; Harris v. Smith, 2 Dana, 12;
Demaret v. Bennett, 29 Tex., 263; Ayres v. Duprey, 27 Tex.,
604; Cooper v. Singleton, 19 Tex., 268; Dangerfield v. Pas-
chal, 20 Tex., 551; Herrington v. Williams, 31 Tex., 458;
Story's Eq. Pl., sec. 372; Caldwell v. Taggart, 4 Pet., 190.)

III. In the event that the Rios' title be held good, then de-
fendant has a just claim against them, and a lien on the land
for reimbursement for his improvements placed on the land.
(Bailey v. White, 13 Tex., 119; Powell v. Davis, 19 Tex., 384;
Basset v. Nosworthy, 2 Lead. Cas. in Equity, 49; Savage v.
Foster, 9 Mod., 35*; 2 Story's Eq., sec. 1237.)

IV. Plaintiff alleged that, by the failure of Estell to pay the
notes, the contract with Chism was forfeited by Estell. He
(Estell) had the right to show the contrary, which was the
purpose and intent of the pleas so stricken out under this third
demurrer. (Tarpley v. Poage, 2 Tex., 148; Smith v. Clopton,
4 Tex., 114; Copeland v. Gorman, 19 Tex., 253; Perry v. Rice,
10 Tex., 372; Hays v. Bonner, 14 Tex., 631; Patterson v. Good-
rich, 3 Tex., 355; Lawrence v. Simonton, 13 Tex., 224; Fuller-
ton v. Doyle, 18 Tex., 10; Taylor v. Johnston, 19 Tex., 354;
Cooper v. Singleton, 19 Tex., 260; Hurt v. McReynolds, 20
Tex., 599; Hild v. Linne, 45 Tex., 476.)

V. If Estell paid part of the purchase-money and made val-
uable improvements under said contract, then Chism could
not, at his own private option, cancel said contract for the
mere non-payment of the balance, without having first ten-

dered to Estell reimbursement of the part so paid, and reasonable compensation for his improvements. (Thomas v. Beaton, 25 Tex. Supp., 318; Hays v. Bonner, 14 Tex., 631; Patrick v. Roach, 21 Tex., 254; see, also, cases cited under first proposition.)

*Sleeper, Jones & Kendall,* and *Walton, Green & Hill,* for appellees.

I. A defendant cannot delay the plaintiff in the suit in obtaining his proper relief by bringing in third parties and raising new issues as between himself and such parties, nor as between the plaintiff and third parties, unless, in this latter case, the determination of such new issues is absolutely essential to the due administration of justice in the particular case. (Carothers v. Thorp, 21 Tex., 361; Eccles v. Hill, 13 Tex., 67; Duncan v. Magette, 25 Tex., 257; Demaret v. Bennett, 29 Tex., 270; Ayres v. Duprey, 27 Tex., 604.)

II. A defendant, in a case of this character, can only show non-forfeiture of his contract by pleading and proving waiver or extension of time in which to pay, estoppel *in pais*, a tender of the purchase-money, or some equivalent defense. (Estes v. Browning, 11 Tex., 246; Primm v. Barton, 18 Tex., 226; Edwards v. Atkinson, 14 Tex., 376; Hill v. Still, 19 Tex., 84; Haldeman v. Chambers, 19 Tex., 40; Fullerton v. Doyle, 18 Tex., 13.)

III. Appellant had no notice of the alleged outstanding title until after all the purchase-money notes had matured and default made in the payment thereof.

1. The executory contract of sale was made on January 15, 1867.

2. The three purchase-money notes were each dated January 15, 1867, and payable in one, two, and three years.

3. The outstanding title in Morino or the Rios was recorded in McLennan county August 15, 1870.

4. The Morino or Rios eleven-league title was issued April, 1835, but not recorded until August, 1870.

5. The date of the Gholson title, the southeast quarter of which is now in controversy, is not shown in the record. The transcript does not disclose which is the older title. (Tarpley *v.* Poage, 2 Tex., 148; Forston *v.* Caldwell, 17 Tex., 628; Perry *v.* Rice, 10 Tex., 373; Brock *v.* Southwick, 10 Tex., 68; Todd *v.* Caldwell, 10 Tex., 240.)

IV. We submit that it was not competent, under the facts stated by appellant, for the defendant, by cross-issues and new parties, to delay plaintiff in obtaining his relief as prayed. (Johnson *v.* Davis, 7 Tex., 174; Bowers *v.* Chaney, 21 Tex., 367; Garrett *v.* Gaines, 6 Tex., 446; Legg *v.* McNeill, 2 Tex., 429.)

V. A vendee is not allowed to dispute the title of his vendor. (Fullerton *v.* Doyle, 18 Tex., 14.)

VI. A default in the payment of the purchase-money notes in this case, under the terms of the contract gave the vendor the right to sue for the land or to sell it again.

1. Plaintiff proved that, before suit, he demanded possession of defendant, and offered to deliver his (defendant's) notes, which possession defendant refused to deliver, and said that plaintiff could keep the notes.

2. One Barnes, who claimed to be the general agent of defendant's vendor, Chism, came to Waco just before the time the land was sold to plaintiff Cole, and demanded payment of the purchase-money notes. Barnes had defendant's notes. Defendant offered to pay Barnes $1,000, which he was willing to receive; but the money was not paid, because defendant was advised by his attorney that, unless Barnes had a power of attorney from Chism, he (defendant) would be liable to pay the notes again to Chism. Defendant told Barnes that if he would get a power of attorney from Chism to receive the money, he would pay that amount. Barnes, at that time, had no power of attorney. (Sharp *v.* Baker, 22 Tex., 314; Scarborough *v.* Arrant, 25 Tex., 132; Estes *v.* Browning, 11 Tex., 243; Walker *v.* Emerson, 20 Tex., 711; Whiteman *v.* Castlebury, 8 Tex., 442; Secrest *v.* Jones, 21 Tex., 132; Hild

v. Linne, 45 Tex., 477; Peters v. Clements, 46 Tex., 124; Edwards v. Atkinson, 14 Tex., 376; Hart v. Bullion, 48 Tex., 290.)

GOULD, ASSOCIATE JUSTICE.—It appeared by the averments of the amended answer that the contract was executory on the part of the vendor, but that the vendee had paid to a third party a part of the consideration, and had made large and valuable improvements; and that the contract contained no express stipulations for its forfeiture, and the forfeiture of the payment and improvements made, on the failure of the vendee to pay the purchase-money notes. The matters stated in this answer show such excuse for the failure of vendee to pay, and such misrepresentation and default on the part of the vendor, Chism, as to make it inequitable in the vendor to treat the contract as rescinded, and to resell the land, regardless of the payment and improvements, without some previous notice to the vendee. The amended answer proposed to bring the purchase-money into court, less some deductions claimed. The answer appears to have been stricken out on the ground that Estell had forfeited his contract and all payments and expenditures made thereunder.

Our opinion is, that this answer sufficiently excused the failure to pay to prevent (if true and unrebutted by other facts) the forfeiture claimed, the defendant proffering to bring the unpaid purchase-money into court, and that the court erred in striking it out. (Cooper v. Singleton, 19 Tex., 260; Taylor v. Johnston, 19 Tex., 354; Sharp v. Baker, 22 Tex., 306; Demaret v. Bennett, 29 Tex., 267; Hays v. Bonner, 14 Tex., 631; Bingham on Exec. Cont., ch. 12, p. 818.)

The answer of Estell showed that by reason of the claim of the Rios to the land, and of the pecuniary irresponsibility of Chism on his warranty, he was in danger of loss, and sought to have Chism and these claimants made parties to litigate their respective claims. Accordingly, Chism and the Rios were brought in, and no objection to the proceeding comes from

them.   Cole, the plaintiff, to whom Chism had resold, and who stood in the shoes of his vendor, was the objecting party, and his objection was sustained as to the two parties named Rio, opposing claimants of the land.

The authorities cited by appellant support the right of the vendee, as against his vendor seeking to enforce payment at law, to resort to equity and make the opposing claimant a party. (Harris *v.* Smith, 2 Dana, 11, 12; Simpson *v.* Hawkins, 1 Dana, 303; Cooper *v.* Singleton, 19 Tex., 267.)

It is the opinion of the court that the objection to the Rios being made parties was improperly sustained.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED

[Opinion delivered November 14, 1879.]