# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1880.

---

D. HARRIS, ADMINISTRATOR OF ESTATE OF JOHN O. WHITFIELD, v. J. H. CATLIN.

TRESPASS TO TRY TITLE—LACHES—EQUITY.—In trespass to try title, brought in 1874, the plaintiff's petition, formal in other respects, alleged a contract made in 1856 by his intestate to convey the land on the payment of the purchase-money notes by the vendee; that the vendee died, and the defendant, with notice that the purchase-money was unpaid, bought at administrator's sale; that possession was taken by the vendee, and, though not adverse, was continued by those claiming under her; that a new purchase-money note was executed by the vendee in 1860, which remained unpaid, and that the same was presented and allowed as a claim against the estate of the vendee, "to be paid when title is perfected." The defendant demurred, and pleaded the act of the plaintiff in procuring an allowance of the claim, as a creditor of the estate, in estoppel of his right to maintain a suit for the land: *Held*—

1. That the superior title remained in the heirs and legal representatives of the vendor, and the petition was sufficient to support an action of trespass to try title.

2. The legal title to the estate carried with it a legal right to the land.

3. Whatever may have been the laches of the legal representatives of the vendor in enforcing a lien on the land, one representing the purchaser could not retain the land without making full payment.

4. Before the defendant can ask equity, he must do equity.

5. Distinguished from the former case between the same parties in 37 Tex., 581; from Roeder *v.* Robson, 20 Tex., 754, and from Estell *v.* Cole, 52 Tex., 170.

APPEAL from Waller. Tried below before the Hon. W. H. Burkhart.

Suit by Douglass Harris, as administrator of the estate of John O. Whitfield, deceased, against J. H. Catlin and P. H. Swearingen, as administrator of the estate of Sarah S. Kirby, in trespass to try title to about seven hundred acres of land. The petition was filed the 14th of April, 1874. In December, 1871, Swearingen disclaimed.

Catlin, in May, 1875, answered by plea of not guilty, and pleaded specially that he was a purchaser at administrator's sale of the estate of Sarah S. Kirby, deceased, on the 3d day of August, 1869, made by virtue of an order of the County Court having jurisdiction; that Sarah S. Kirby and John O. Whitfield, during their life-time, on the 16th day of December, 1856, entered into a written contract* for the sale of the land to her, and that she went into possession of the same under that agreement and continued in possession up to the time of her death, on the 10th day of September, 1862; that her administrators had continued possession up to the date of the sale and purchase by appellee, and set out a copy of the agreement in his answer; that Sarah S. Kirby complied with the terms of the agreement by the payment of the purchase-money, but that he was unable to prove payment, and asked, on account of the lapse of time, that the payment be presumed; that Whitfield died May 10, 1863; that his last will was probated in July following; that the administration of his estate has been uninterrupted up to the present time; that no claim had ever been presented by said Whitfield in his life-time, or by his executor or administrator, against the estate of Sarah S. Kirby, for any portion of the purchase-money for the land, and prayed judgment quieting his title and possession.

Appellant replied and admitted that Sarah S. Kirby went into possession of the land about the time alleged by the defendant, to wit, about the 1st of January, 1857, under the agreement of purchase; that she continued her possession up

---

*The terms of the sale will sufficiently appear in the statement of a case between the same parties in 37 Tex., 581.

to the time of her death, at the date named by defendant, and that her administrator continued to possess the same up to the time of his death, which occurred in the year 1865, but denied that possession was adverse to Whitfield or his executor or administrator, and also denied that Sarah S. Kirby or her administrator ever complied with the agreement by paying the purchase-money for the land; that Whitfield died in May, 1863, and that his last will was probated as alleged by defendant; that although Sarah S. Kirby failed to pay the purchase-money when due, yet the agreement was not revoked or disaffirmed by Whitfield during his life-time; that after the death of Sarah S. Kirby, Jared E. Kirby, her son and business manager, and with whom she had resided for several years next before her death, was appointed administrator of her estate, and that Thomas B. White, who was a son-in-law of Sarah S. Kirby, was the executor of Whitfield's will; that Jared E. Kirby and White did not disaffirm the agreement, but recognized the same as subsisting during their administration of the estate respectively.

Appellant further alleged that on the 24th day of May, 1860, Sarah S. Kirby executed to Whitfield her promissory note for $3,351.56 for a part of the purchase-money for the land, which is still unpaid and in the possession of plaintiff, and produced the same in court; that on the 2d day of December, 1863, White presented that note duly authenticated to Jared E. Kirby for allowance, and that Kirby indorsed a qualified allowance on the same, as follows, viz.: "December 2, 1863. The above claim was this day presented, and I allow the same as a just claim against the estate of Sarah S. Kirby, deceased, to be paid when title is perfected to said estate for seven hundred and odd acres of land. E. Brazos, Austin county. Jared E. Kirby, administrator," &c.

Upon the claim also appeared the following indorsement, viz.: "Examined, approved, and ordered to be paid in due course of administration. February 28. J. H. Catlin, chief justice, Austin county."

Appellant further alleged that in the year 1865 J. E. Kirby died, and soon thereafter P. H. Swearingen was appointed administrator *de bonis non* of the estate of Sarah S. Kirby, deceased; that in the year 1866 all the buildings and fencing were removed from the land and the possession thereof entirely abandoned and never resumed until sold to defendant; that Thomas B. White resigned the executorship, and appellant was thereafter appointed administrator of Whitfield's estate; that the estate of Sarah S. Kirby turned out to be hopelessly insolvent; that Swearingen refused to pay the claim, and applied to the County Court for an order to sell the land as the property of his intestate's estate; that about the same time appellant brought suit against Swearingen for the land; * that during the pendency of the suit the order of sale was granted and the land sold and purchased by appellee at the price of ten cents per acre; that at and before that sale appellee was notified of the claim of Whitfield's estate to said land, and was charged with full notice, actual and constructive, of the condition of the title.

Plaintiff also relinquished all claim against the estate of Sarah S. Kirby, if any he ever acquired by reason of the conditional allowance of the claim, but offered to make a conveyance to defendant of the land if he would pay the purchase-money due.

On the 14th of January, 1878, the heirs of John O. Whitfield, deceased, were made parties plaintiff on their own application, and adopted the pleadings of their co-plaintiff.

On the 10th day of April, 1879, the appellee filed general and special exceptions to plaintiff's pleadings, upon the ground chiefly that the plaintiff had elected to have the claim for the purchase-money allowed and approved as a claim against the estate of Sarah S. Kirby, thereby making himself a judgment creditor of her estate without asserting a lien on the land, and

---

* See 37 Tex., 581.

that he was thereby estopped from maintaining a suit for the land.

The defendant's exceptions were sustained and the suit dismissed by the court.

The only assignment of error was, that the court erred in sustaining the defendant's exception to plaintiff's cause of action and dismissing the suit.

*C. A. Harris* and *B. F. Elliott*, for appellant.

I. The title to the land did not pass to Mrs. Kirby. At most, she only acquired an equity, and appellee did not acquire by his purchase any greater right or title than the estate of Mrs. Kirby possessed at the time of the administrator's sale, viz., the right to enforce the agreement upon payment of the purchase-money. (Browning *v.* Estes, 3 Tex., 462; Estes *v.* Browning, 11 Tex., 237; The Howards *v.* Davis, 6 Tex., 182; Dunlap *v.* Wright, 11 Tex., 597; Herrington *v.* Williams, 31 Tex., 462.)

II. In an executory contract for the sale of land, the vendor is not bound to enforce the vendor's lien on the land, but may recover the land, if not paid for, by virtue of his superior title; and the fact that Mrs. Kirby had died, and an administration was opened on her estate, could not necessitate the enforcement of the lien by Whitfield or his executor. All that could be required of him was to put the claim in such authentic form as the law required, and thereby afford the administrator of Mrs. Kirby's estate an opportunity to pay it and secure the title to the land. (Robertson's Administratrix *v.* Paul, 16 Tex., 472.)

III. At the time of the agreement to sell the land, Whitfield elected to take the purchase-money and convey the land, which was binding on him as long as the contract was recognized as in force, and the default of Mrs. Kirby to pay the purchase-money at maturity did not put an end to the agreement, or require Whitfield or his executor to make a final election to

pursue the money or the land. (Hild *v.* Linne, 45 Tex., 477; Walker *v.* Emerson, 20 Tex., 711.)

IV. The agreement was a binding obligation from the time it was entered into, as long as it was not affirmed; and no effort on the part of Whitfield's executor to enforce payment of the purchase-money would estop him from afterwards disaffirming the contract and recovering the land by virtue of his superior title, if defeated in the collection of the purchase-money by any act or default of Mrs. Kirby or her legal representative. (Lander *v.* Rounsaville, 12 Tex., 198; Roberts *v.* Lovejoy, 25 Tex. Supp., 437; Baker *v.* Ramey, 27 Tex., 52.)

V. If the executor of Whitfield's estate could not pursue the purchase-money and the land at the same time, he might pursue the purchase-money in accordance with the contract of sale, as long as there was any hope of getting it; and if defeated, he might relinquish any supposed right he might have acquired against Mrs. Kirby's estate in pursuit of the purchase-money and claim the land, and he will not be estopped from doing this, when it is not shown that he has obtained any advantage, or that the administrator of Mrs. Kirby's estate, or the defendant, was misled or prejudiced thereby. (Thomas *v.* Groesbeck, 40 Tex., 530.)

*A. Chesley* and *N. Holland,* for appellee.

I. In the case at bar it is virtually conceded by the pleadings that about two-thirds of the purchase-money for the land in controversy was paid during the life-time of Mrs. Sarah S. Kirby, and at her death White, the administrator of the vendor, Whitfield, under the probate law of Texas, was not authorized to bring suit for the land itself, so long as his remedy for the enforcement of his claim against the land in the Probate Court was available, and particularly when a large portion of the purchase-money had been paid. (Thomas *v.* Beaton, 25 Tex. Supp., 318; Herman's Law of Estoppels, sec. 475.)

II. The condition in the allowance of the claim by the administrator of the Kirby estate was nugatory, and did not

impair its validity as a judgment against the estate of Mrs. Kirby. (Paschal's Dig., art. 1311.)

If the condition in the allowance had any force whatever, appellant is estopped from objecting to the same by having presented the claim to and obtaining the approval of the chief justice.

The approval of the chief justice and the order that the claim be paid in due course of administration established its validity as a claim against the estate.

III. Conceding that at or after the death of Mrs. Kirby the administrator of the Whitfield estate, as the holder of the vendor's-lien note for a portion of the purchase-money, had a legal right to sue for the land, yet, having elected to get the note allowed and approved as a claim against her estate, that election was final, and he was bound to follow out his remedy for the enforcement of his claim in the Probate Court, and he was thereby estopped from abandoning the remedy of his first choice and bringing a suit of ejectment for the land. (Harris *v.* Catlin, 37 Tex., 581; Herman's Law of Estoppels, sec. 470–476; 2 Smith's Lead. Cas., 6th Am. ed., pp. 210–212, and cases cited; Butler *v.* Hildreth, 5 Metc., 49.)

Appellant's remedy was ample in the Probate Court, and his long acquiescence in the remedy of his first choice is an additional reason why he should not be permitted to abandon it.

IV. The demurrers of defendant in the court below were properly sustained.

As to right of administrator to sue without authority of Probate Court, see 13th Laws, sec. 10, p. 112.

As to remedies of lien holders in the Probate Court, see Paschal's Dig., art. 1319, and authorities cited.

As to election of remedies. (Roeder *v.* Robson, 20 Tex., 705.)

As to an administrator's sale divesting the lien upon the property sold and transferring it to the proceeds. (Paschal's Dig., art. 1319; 45 Ga., 585; 46 Ga., 389; 49 Ga., 274; 56 Ga., 444.)

GOULD, ASSOCIATE JUSTICE.—The superior title to the land sued for remained in the heirs and representatives of the estate of Whitfield, and their petition showing that fact was sufficient to support an action for the recovery of the land, unless it also disclosed some legal or equitable defense.

The legal title of the estate carried with it a legal right to the land, and in asking the enforcement of that right appellant sought no equitable relief.

The averments of the petition show that the recovery of the land is sought for, not for the purpose of rescinding the contract and enforcing a forfeiture of payments made, but for the purpose of compelling either the performance of the contract by the payment of the balance of the purchase-money, or the return of the land.

Whatever may have been the laches of the representatives of the estate of Whitfield in enforcing a lien on the land, it was inequitable in the purchaser, or any one standing in her stead, to retain the land without making full payment. If the defendant relies on the partial payments, and the election and efforts to collect the balance, as entitling him to the privilege of paying the balance and holding the land, the petition proffers him that privilege. Those facts, or the laches of plaintiff, give him no right, legal or equitable, to retain the land discharged from all demands of Whitfield's estate.

It may be that the partial payments, in connection with facts excusing the failure to make further payments, might entitle defendant to some equitable relief sought by him, and accompanied by a proffer on his part to do equity to plaintiff. In order to entitle himself to equitable relief, defendant must himself do equity.

The case now before the court differs from the case of Harris *v.* Catlin, 37 Tex., 581, and from the case of Thomas *v.* Beaton, 25 Tex. Supp., 321, in that in both of those cases the appellants had sought equitable relief, and could only obtain it on the terms of doing equity. It differs also from Roeder *v.* Robson, 20 Tex., 754, and from Estell *v.* Cole, 52 Tex.,

170. In each of those cases the vendor claimed a forfeiture of payments made. Here the plaintiff seeks only to enforce the original contract by a legal remedy; and the facts stated in the petition, as amended, show no valid reason in law or equity for denying the estate the benefit of that remedy. (Browning v. Estes, 3 Tex., 463; Estes v. Browning, 11 Tex., 237; Lander v. Rounsaville, 12 Tex., 195; Hill v. Still, 19 Tex., 86; Baker v. Ramey, 27 Tex., 59; Jackson v. Palmer, 52 Tex., 427.) In many of its features the present case resembles the one last cited. Under the averments of the petition, appellee held only such title as Mrs. Kirby acquired, and held the land subject to the superior title of Whitfield's estate.

If there was any weight in the objection that the administrator, under the statute in force at the time suit was brought, should have obtained an order of the Probate Court before instituting an action of trespass to try title, that statute had been repealed, and afforded no grounds for sustaining the exceptions.

Because the court erred in sustaining exceptions to the petition, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 5, 1880.]