Opinion by
Hurt, J.
§ 322. Distinct causes of action arising upon the same contract may he sued upon separately. Appellee contracted to pay appellant for his services at the rate of $75 per month, the pay to be due at the end of each month. Held: Under this contract appellant had the right to sue appellee, if not paid, at the end of each month, or he might join in one suit a part of the time, two or more months, or the whole time. Each month’s service gave to appellant a separate and distinct cause of action upon which he could have sued in justice’s court. The fact that his wages were all due at the time of the institution of his suits would not abridge his right to *279 bring separate suits. [Lander v. Rounsaville, 12 Tex. 195; Ferguson v. Culton, 8 Tex. 283; W. & W. Con. Rep. § 290.]
October 15, 1884.
§ 323. Consolidation of suits; jurisdiction. Appellant instituted two suits in tbe county court, to recover for services alleged to be due him, under a contract such as is stated in the preceding section. The amount claimed in each suit was within the jurisdiction of the county court, but the aggregate amount claimed in both suits exceeded the jurisdiction of that court. Appellee moved to consolidate the two suits, which motion was granted. Appellant then moved to dismiss the consolidated suit because the amount in controversy exceeded $1,000, and was not, therefore, within the jurisdiction of the court. This motion was also sustained and the suits dismissed. Held, error. The suits were properly brought, and should not have been consolidated to defeat the jurisdiction of the court.
Reversed and remanded.