Lee Arthur ANDERSON et ux., Appellants,

v.

Lola DAVIDSON et al., Appellees.

No. 12836.

Court of Civil Appeals of Texas.

Galveston.

May 5, 1955.

Rehearing Denied May 26, 1955.

Walker F. Johnston and Pierce E. Holmes, Houston, for appellants.

Dyess, Dyess & Jennings and A. D. Dyess, Houston, for appellee.

HAMBLEN, Chief Justice.

This is a trespass to try title suit instituted by appellants against the appellees to recover title and possession of property in Harris County, Texas. Appellee, Lola Davidson, was sued both individually and as independent executrix of the will of

Mary Armstrong Hunter, deceased. Both litigants claimed title under Mary Armstrong Hunter, who died in 1953. The appellants claimed as grantees in a deed from Mary Armstrong Hunter dated February 28, 1941. Appellee claimed title both in her capacity as independent executrix of the will of Mary Armstrong Hunter, and as devisee named in her last will and testament. A trial before the court without jury resulted in a judgment cancelling and annulling the deed under which appellants claimed to deraign title, and an adjudication of title favorable to appellees.

There appears to be no dispute between the litigants as to the material facts, which are substantially as follows: The property in controversy consisted of a lot in the City of Houston upon which was constructed a six-room dwelling house. Prior to February 28, 1941, title to this property was vested in Mary Armstrong Hunter, a widow, and occupied by her as her home. On the date mentioned, Mary Armstrong Hunter executed and delivered to appellants a general warranty deed purporting to convey the property to them for a recited consideration of $5, "and for the further consideration that the said Lee Arthur Anderson and wife, Pauline Anderson, hereby assume, agree to pay off, and discharge all indebtedness against the property hereinafter described owing to Home Owners Loan Corporation, and to pay all taxes past due and which shall accrue against said property and they further agree to furnish grantor Mary Armstrong Hunter, a room in the house of said property in which to live the rest of her natural life, or a room in some other residence, and agree to furnish the said Mary Armstrong Hunter food, clothing and medical treatment the rest of her natural life and at her death to pay for reasonable burial expenses for her, the said Mary Armstrong Hunter."

Following the date of such deed, appellants appear to have paid all delinquent taxes upon the property, and to have made various repairs thereto. Mary Armstrong Hunter resided in a portion of the dwelling, and the remainder was occupied by tenants,

from whom a rental of $7.50 per week was received. Appellants furnished food and clothing and other necessities to Mary Armstrong Hunter at a cost to them of about $20 per month, paid taxes when due upon the property, and made payments due upon the indebtedness held by Home Owners Loan Corporation. This state of affairs continued for a period of three years after February 28, 1941. At the end of such three year period, Mary Armstrong Hunter informed appellants that she was dissatisfied with the arrangement existing between them, and desired from that time on to look after her own affairs. Accordingly, appellants delivered over to Mary Armstrong Hunter all receipts for taxes, purchase payments, and repairs made upon the premises, and from that time until the death of Mary Armstrong Hunter in 1953, paid none of the items contracted for in the mentioned deed. Mary Armstrong Hunter continued to reside in the premises for the ensuing ten years of her life, and to collect any rents which might be due from tenants. During this period, she sought financial help from appellee, Lola Davidson, promising that if said appellee would provide such help, she would leave the property to appellee upon her death. In accordance with this understanding, appellees, for the benefit of Mary Armstrong Hunter, made various payments to defray taxes, insurance, mortgage indebtedness, living expenses and burial expenses, totalling in excess of $1,800.

This suit was instituted in the form of a statutory trespass to try title action. Appellees entered a plea of not guilty, and alternatively a plea of improvements in good faith. During the trial, appellees requested and were granted leave to file a trial amendment seeking cancellation of the deed to appellants for failure of consideration. Appellants requested and were likewise granted leave to file a trial amendment in which the two and four year statutes of limitation were plead in bar of appellees' prayer for reimbursement for money spent in improving the property and in defraying the taxes, insurance and mortgage installments due upon the property.

■ The judgment of the trial court is attacked by appellants in ten asserted points of error. We deem it unnecessary to set forth such points for the reason that we are of the opinion that upon the undisputed facts disclosed by the record, the judgment entered is proper, and should be affirmed. The deed under which appellants claim title recites a contractual consideration. While no express lien is retained, an equitable vendor's lien is implied by operation of law to secure to the grantor the consideration contracted to be paid. It is undisputed that for a period of ten years appellants neither paid nor undertook to pay any portion of the agreed consideration. During all of this time Mary Armstrong Hunter remained in peaceable possession of the premises conveyed. Under that state of facts, Mary Armstrong Hunter occupied the position of a mortgagee in possession. It seems to be settled beyond question in Texas that a mortgagor cannot recover in trespass to try title against a mortgagee in possession without paying or tendering the payment of the purchase money. Rodriguez v. Haynes, 76 Tex. 225, 13 S.W. 296; McPherson v. Johnson, 69 Tex. 484, 6 S.W. 798; Fievel v. Zuber, 67 Tex. 275, 3 S.W. 273; Harris v. Catlin, 53 Tex. 1; Jackson v. Palmer, 52 Tex. 427; Baker v. Ramey, 27 Tex. 52, 53; Dunlap's Adm'r v. Wright, 11 Tex. 597; Burgess v. Millican, 50 Tex. 397; Mozoch v. Sugg, Tex.Com.App., 254 S.W. 770; Browne v. King, 111 Tex. 330, 235 S.W. 522. It is likewise held that the assignee of a debt, secured by a mortgage on land upon which the assignee is in possession, and holds claim of a lien thereon, cannot be disturbed by one claiming under the mortgagor until the mortgage debt is satisfied. Duke v. Reed, 64 Tex. 705. Thus to prevail against appellee, either as executrix, or as devisee, appellants must pay, or tender to pay the consideration which they contracted to pay.

■ Appellants' points directed to the insufficiency of the pleading to support the judgment of the trial court are without merit. The affirmative relief of cancellation of the deed and the adjudication of title in appellees has no more legal effect than would a take nothing judgment which is clearly supported by the defensive plea of not guilty.

We do not consider the authorities cited and relied upon by appellants to be factually analogous or legally applicable to the case under consideration. Turner v. Biscoe, Tex.Civ.App., 164 S.W.2d 70; Id., 141 Tex. 197, 171 S.W.2d 118, for instance, was a suit brought by the grantor in a deed against the grantee to cancel the same because of alleged failure on the part of the grantee to perform the contractual obligations made therein. Wallace v. Tubre, Tex. Civ.App., 84 S.W.2d 254, was a suit by the grantor in a deed to recover damages for failure on the part of grantee to perform the obligations of the deed. The holding there that the fact that performance had been rendered impossible by some act of the grantor would constitute a defense to such action, is in no way applicable to the present case. Here the appellants, as plaintiffs in trespass to try title, seek to recover title and possession of land against their grantor who has at all times remained in peaceable possession of the land conveyed. The deed upon which they rely recites the consideration contracted to be paid by plaintiffs, thus constituting the grantor a mortgagee in possession. The evidence discloses beyond dispute that for ten years, appellants defaulted. The reason for such default, whether caused by the grantor, or for, whatever reason, does not relieve appellants of the obligation, in order to recover in this action, of now paying or tendering the payment of the agreed consideration. This they have not only failed to do, but have pleaded limitation in bar of appellees' alternative plea for recoupment of the agreed consideration.

In their answering points, appellees have advanced other and alternative theories upon which they contend that the judgment should be affirmed. We deem it unnecessary to pass upon such points for the reason that we consider the reasons above stated to require an affirmance of the judgment.

It is so ordered.