## J. W. CODDINGTON ET AL. v. C. J. WELLS ET AL.

(Case No. 1358.)

1. ESTOPPEL — EQUITY — RESCISSION OF CONTRACT FOR SALE OF LAND. — On a contract for the purchase of land a partial payment was made and two notes executed, one for $4,000 and the other for $10,000. A deed was made which retained a lien to secure the payment of the notes, and which declared that upon full payment of the notes, with interest, the deed should become absolute. Suit was brought on the note for $10,000, which matured last, and for foreclosure of the lien, on which judgment was rendered, from which an appeal was taken. That judgment was inventoried as part of the estate of the deceased judgment creditor. In a suit afterwards brought by the heirs of the vendor against the vendees of the purchaser, to recover the land because of the alleged non-payment of the $10,000 note, held,

(1) There being no offer to restore the money paid on the contract for sale, and the vendor having in his life-time elected to affirm the contract for the sale by seeking a specific performance, the suit could not be maintained.

(2) The plaintiff should have offered to do equity by tendering back the money already received on the contract.

(3) Thomas v. Beaton, 25 Tex. Sup., 318, and Roeder v. Robson, 20 Tex., 754, approved, and distinguished from Harris v. Catlin, 53 Tex., 1, and Jackson v. Palmer, 52 Tex., 428.

APPEAL from Grimes. Tried below before Norman G. Kittrell, Esq., special judge.

W. W. Meachum and Scott & Levi, for appellants, cited Harris v. Catlin, 53 Tex., 1; Jackson v. Palmer, 52 Tex., 428; McCormick v. McNeel, 53 Tex., 15; Dunlap v. Wright, 11 Tex., 603; R. S., 3191, 3192; Ang. on Lim., note 2, p. 324; Herman on Estoppel, § 532, p. 502; Hall v. Dickey, 32 Miss., 203; Lucas v. Daniels, 34 Ala.; Matossy v. Frosh, 9 Tex., 610.

Hutcheson & Carrington, for appellees, cited Mims v. Mitchell, 1 Tex., 443; Hughes v. Lane, 6 Tex., 289; Hill v. Allison, 51 Tex., 390; 1 Greenl. on Ev., pp. 74–78; Tinnen v. Mebane, 10 Tex., 256; Eccles v. Daniels, 16 Tex., 136; Roeder v. Robson, 20 Tex., 754; Cook v. Knott, 28 Tex., 85–89.

WILLIE, CHIEF JUSTICE.— James E. Williams and wife, ancestors of appellants, sold four hundred and twelve acres of land and some negroes, in 1862, to Keach & Patrick for $20,000, of which $6,000 was paid in cash, and two notes, one for $4,000 and one for $10,000, falling due at different times, were executed for the remainder of the purchase money. The deed of conveyance retained a vendor's lien on all the property sold to secure the payment of these notes

and interest, and it was provided in it that upon full payment of the notes and interest the deed was to become absolute. We are not informed by the record what became of the $4,000 note, but judgment was obtained by Williams against Patrick & Keach in 1866 on the one for $10,000 for $14,060 and for foreclosure of the vendor's lien upon the land. An appeal was taken, but the record does not show what became of it. James Williams and wife died in 1867, and the judgment was inventoried as part of the assets of the former's estate. There is no proof that the judgment was ever paid, but the four hundred and twelve acres were conveyed by Patrick & Keach and their vendees to the appellees in this cause, and suit was brought against them by the appellants, as heirs of James Williams and wife, to recover the land, the ground upon which the recovery was sought being the failure to pay the $10,000 note and the judgment obtained upon it. Defendants pleaded, among other things, a general demurrer, and that the plaintiffs were estopped from a recovery of the land, their ancestors having elected to sue upon the note, and enforce the vendor's lien upon the land. The cause was submitted to the court below without the intervention of a jury, and judgment rendered for appellees, from which an appeal has been taken to this court.

The petition of plaintiffs is not in the ordinary form of trespass to try title, but sets forth all the facts of the sale and conveyance of the land, the payment of the $6,000 in cash, the suit and judgment on the $10,000 note, and asks a recovery on the ground that the judgment had never been paid. There is no offer in the petition to return the money already paid upon the land, and it shows upon its face, as does the evidence also establish, that James E. Williams had in his life-time elected to affirm the contract for its sale, and sue for a specific performance.

In the case of Thomas v. Beaton, 25 Tex. Sup., 318, Chief Justice Wheeler applied the maxim "that he who seeks equity must do equity," to a state of facts very similar to the present. He held that, to entitle a vendor to the aid of a court of equity to rescind such a contract of sale, " he must have restored, or offered to restore, the consideration which he had received." The offer to do equity in this case should have been a tender of the cash payment received. It was certainly inequitable to retain this money and claim the land also.

Moreover, the suit brought upon the $10,000 note, and the prosecution of it to a judgment for the money, and a foreclosure of the lien, was an affirmance of the contract, and not a rescission of it,

such as would authorize the assertion of the vendor's superior title to the land. The vendor in such a contract as the one made by J. E. Williams and wife with Patrick & Keach, has two remedies open to him,— the one to sue for the purchase money and foreclose his lien; the other to rescind the contract and assert his paramount title to the land. He may select either of these, or he may sue for the land, and frame his petition, with an alternative prayer for the recovery of the money, in case a judgment for the land should be denied him. But after a successful suit for specific performance, and when there remains no obstacle to the enforcement of his judgment by a sale of the property held by the vendor's lien, he cannot treat the contract as a nullity, and insist upon a restoration of the land. Roeder v. Robson, 20 Tex., 754.

The authority of the two cases referred to above is not shaken by the cases of Harris v. Catlin, 53 Tex., 1, and Jackson v. Palmer, 52 Tex., 428, cited in the brief of counsel for appellants.

In the case of Harris v. Catlin, no portion of the purchase money had been paid, so that there was nothing for the plaintiff to offer to return. The only steps taken by him to enforce the contract was to present his claim to the administrator of the vendee, who indorsed a conditional acceptance upon it, and the chief justice of the county approved it. The vendor proceeded no further with the claim, but relinquished all his rights against the estate growing out of it. Besides, the court distinguish that case from Roeder v. Robson in this, that the plaintiff, in the latter, claimed a forfeiture of payments made, which is, in effect, what the appellants in this action are seeking to do. Moreover, to obtain a qualified acceptance and approval of a claim against an estate, without asserting a lien upon the land, may not amount to an election, while the prosecution of a suit to judgment in the district court with foreclosure of a lien that could be satisfied but for the laches of the plaintiff, will amount to such an election. In the other case, relief was sought in the alternative, and the defendant allowed his choice, either to pay the balance due, or surrender the land, which brings it fully within the rule of Roeder v. Robson.

We think that under the circumstances of this case, where a large amount of the purchase money has been paid in cash, a note for a considerable sum not accounted for, leaving thereby the inference that it has also been paid or transferred, and a judgment upon the remaining note has been obtained with foreclosure of lien on the land, and no reason is shown why that judgment has not been enforced; and where no offer has been made to return the amount of

purchase money already received by the vendor, nor any opportunity given the defendants to pay the balance due, and perfect their title, the plaintiff should not be allowed to rescind the contract and recover the land; and the judgment of the court below is affirmed.

AFFIRMED.

[Opinion delivered February 27, 1883.]

## ON MOTION FOR REHEARING.

WILLIE, CHIEF JUSTICE.— In the application for rehearing filed in this cause, our attention is called to a statement made in the opinion to the effect that the petition was not in the form of an action of trespass to try title, but set up, among other things, the suit and judgment on the $10,000 note, and asked a recovery on the ground that the judgment had never been paid. Upon a careful examination of the pleadings of plaintiffs below, we find that whilst they amount in substance and legal effect to an action of trespass to try title (as does almost any suit for the recovery of lands under our decisions), yet they are not in the form usually employed in such suits. They set up the title of plaintiffs, how derived, the title under which defendants claim, and then set forth facts which, it was supposed, would vitiate that title, or prevent it from legally attaching, and then prayed for a recovery of the land.

Although the recovery of the judgment is not alleged in the original petition, it is pleaded in the answer; and the supplemental petition of appellants, whilst denying generally the allegations of the answer, denies specially only those of its averments concerning the judgment which charge a reversal of it by the supreme court. In connection with this denial, the grounds upon which the reversal was obtained are set forth in the supplemental answer.

If the fact that a judgment upon the $10,000 note was recovered in the district court does not satisfactorily appear from appellant's pleadings, it is put beyond all controversy by the evidence. This makes out a clear case of affirmance of the contract of sale by a suit upon one of the purchase money notes and pressing it to a judgment, foreclosing the vendor's lien upon the land. It shows further that there was a $4,000 note given for part of the purchase money of the same land, unaccounted for by plaintiffs. It was the property of their ancestor, and they must have had better opportunities than the defendants of knowing whether it had been paid or transferred. This note fell due before the one upon which the suit was brought,

and all presumptions would lie in favor of its payment or transfer before that time.

The whole case presented to the court below made out a clear affirmance of the contract of sale before the bringing of this suit. After such affirmance it is too late to seek a rescission of the contract and recover the land.

It is also said that this court is mistaken in supposing that none of the purchase money had been paid in the case of Harris v. Catlin, to which allusion is made in the opinion heretofore delivered. We were doubtless in error in making this statement, as a more careful examination of the case shows. But it is a matter of no importance in drawing a distinction between that case and the present one. Harris v. Catlin went off on demurrer in the district court. This demurrer was put upon the ground that the plaintiff had elected to have the claim for the purchase money allowed and approved against the estate of the vendee, and was thereby estopped from maintaining a suit for the land. No objection was taken on the ground that there was no offer to do equity by returning the purchase money whenever received. But the plaintiff had in his petition relinquished all claim against said estate by reason of the allowance of the claim, and offered to make a conveyance of the land if defendant would pay the purchase money due.

The demurrer was sustained, and the court in reversing the judgment says: "The averments of the petition show that the recovery of the land is sought for, not for the purpose of rescinding the contract and enforcing the forfeiture of payments made, but for the purpose of compelling either the performance of the contract by the payment of the balance of the purchase money, or the return of the land."

In the present case the avowed object of the pleadings and evidence of appellants is to rescind the contract and enforce the forfeiture of payments already made.

The court then proceeds to indirectly indorse the previous decision of the same case in 37 Tex., 581, and also the decision in Thomas v. Beaton, 25 Tex. Sup., 321, by drawing a distinction between them and the cause under consideration.

The first case was originally an action of trespass to try title, and by an amendment fraud between the original vendee and the purchaser under him was alleged, and a cancellation of defendants' title deeds was asked, and that plaintiff's title to the land be quieted. Certainly a much stronger case was made for the plaintiff there than in the present one; and yet a demurrer to the petition was held to

have been properly sustained, and Thomas v. Beaton was relied on as authority. Such a case as is made by the pleadings there is made by the evidence here, except that in Harris v. Catlin fraud was charged against the defendants, whereas none whatever was proved in this case.

It also indorses the case of Roeder v. Robson, 20 Tex., 757, and distinguishes it from the case of Harris v. Catlin in that in the former the vendor claimed a forfeiture of payments made. In this case the heirs of the vendor are seeking to do precisely the same thing. They are in fact seeking to retain the $6,000 cash paid at the time of purchase, the proceeds of the $4,000 note obtained either from the vendee of the land or the transferee of the note, and at the same time to recover the land itself. We are still of opinion that this cannot be done under the circumstances, and are supported in our opinion by the well considered cases of Thomas v. Beaton and Roeder v. Robson, *supra*, which we think more analogous to the present case than any which have been cited in opposition to the opinion heretofore delivered in the cause. The rehearing is refused.

REHEARING REFUSED.

[Opinion delivered March 27, 1883.]