EDWARD N. CLOPPER ET AL. v. M. W. SAGE ET AL.

Delivered September 24, 1896.

1. **Separate and Community Property—Deed to Wife During Coverture—Presumption.**

Property acquired by onerous title during coverture, the deed being taken in the wife's name in 1839, was community property under the Spanish law then in force, and the husband had power to convey it, without the joinder and separate acknowledgment of the wife, after the Act of June 20, 1840, defining marital rights.

2. **Deed—Description of Land.**

A deed of "all lands purchased by us (the grantors) from F. R. as it may more fully appear by a legal transfer of the same," conveyed the title to a tract of land which had been purchased by the grantors from F. R. by deed then of record.

3. **Same—Description Limited by Memorandum.**

In a deed conveying to P. all of a certain tract of land by metes and bounds, there was this, following the description: "Mem. This deed is made in order to cancel a bond and fulfill the conditions thereof, executed by me to P. January 1, 1839, which bond is of record in Harris County Record of Deeds, C, p. 297." The bond referred to was for only the south half of the tract—the north half having been previously conveyed by the grantors to one R. Held, that the deed conveyed only the south half.

4. **Same—Deed by Virtue of Vendor's Superior Title—Presumption.**

Where a vendor conveyed one-half of a certain tract of land by a deed reserving a vendor's lien, and more than ten years afterwards conveyed the entire tract to another party, it will be presumed that the vendor's lien notes given on the prior purchase had been paid, and not that the later deed was intended to rescind the former conveyance because of their non-payment.

ERROR from Harris. Tried below before Hon. S. H. BRASHEAR.

*Geo. H. Breaker*, for plaintiffs in error.

*A. J. Althouse* and *G. W. Tharp*, for defendants in error.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title by plaintiffs in error to recover of the defendants in error the north half of the Fabricius Reynolds twelve labors of land situated in Harris County.

Fabricius Reynolds, the original grantee, conveyed the land in controversy to Catherine Rourke by a deed dated June 13, 1839, properly recorded in the record of deeds for Harris County, June 14, 1839. This deed recited the execution of a bond for title, dated February 22, 1838, for the conveyance of the land by Reynolds to James Rourke, and that it was executed in satisfaction thereof, and James Rourke joined in it to acknowledge such satisfaction. The purchase money was stated to be $1002, of which $538 had been paid; there was a balance remaining unpaid on two notes executed on the date of the bond for title, one for $80 then due, and the other $339, for which the vendor's lien was reserved. Plaintiffs in error claim under James Rourke and Catherine Rourke under the following instrument, which, on objection by the defendants in error, was excluded from the evidence by the court below:

"Republic of Texas, County of Galveston—Know all men by these presents that we, James Rourke and Catherine Rourke, of said county do, by these presents transfer and set over unto Nicholas Clopper, his heirs and assigns, all our right, title and interest in and to all the lands purchased from Fabricius Reynolds by us, as it may more fully appear by a legal transfer of the same. Given under our hands and seals, this 3d of July, 1841. Catherine Rourke, James Rourke."

The objections urged were, (1) that the land was the separate property of Catherine Rourke and the instrument was not authenticated by her separate acknowledgment; (2) the description in the instrument is insufficient and it conveys nothing. The court below overruled the first objection, but sustained the second, and rendered judgment generally in favor of the defendants that plaintiffs take nothing, and for costs.

There is nothing in the evidence to show that the land was the separate property of Catherine Rourke outside of the deed from Fabricius Reynolds to her. This deed was executed before the passage of the law of the Republic upon marital rights, which were first defined by Congress in the Act of January 20, 1840, although the Constitution had before declared what should constitute the separate property of the wife. Hartley's Digest, arts. 2409, 2410; Constitution Republic of Texas, art. 7, sec. 19. Under the Spanish laws which were in force at the time of the execution of the deed, property acquired during marriage by purchase, whether the acquisition was made in the joint names of the

husband and wife or either of them separately, was considered as common property, and if there were any exception to the rule, it was necessary to establish it by certain and positive evidence, or otherwise the presumption that the property is common will remain. Scott v. Maynard, Dallam, 548. The constitutional provision above referred to does not appear to have changed the Spanish law, and was no doubt adopted in view of the common law rule on the subject. It appears from the deed that the land was acquired by an onerous title during the coverture, and was the common property of the husband and wife. There is no evidence to rebut this presumption. Scott v. Maynard, supra; Houston v. Curl, 8 Texas, 239; Higgins v. Johnson, 20 Texas, 389. . Being community property, the husband had the power to convey it. If it had been separate property, a separate acknowledgment would have been necessary, since the instrument was executed after the Act of February 3, 1841. Hart. Digest, art. 173.

The instrument purports to convey to Nicholas Clopper all of the right, title and interest of the grantors in and to all the lands purchased by them from Fabricius Reynolds. The words following, "as it may more fully appear by a legal transfer of the same," do not limit the conveyance or render it at all uncertain. Other evidence was admissible to show what lands had been purchased by the grantors from Fabricius Reynolds, and the instrument was a good conveyance of such lands and of the land in controversy. Smith v. Westall, 76 Texas, 509; Harris v. Broiles, 22 S. W. Rep., 421.

Defendants pleaded in reconvention for a recovery of the land against plaintiffs, and put in evidence in support of their title a deed from Fabricus Reynolds to George M. Patrick, dated November 21, 1848, and deraigned title from Patrick down to themselves. For the error of the court below in excluding the deed from Rourke to Clopper, the judgment must be reversed, unless the defendants showed that they had the better title. The deed from Reynolds to Patrick was a general warranty deed, and purported to convey all of the right, title and interest of the grantor in and to the entire 12 labors of land, describing it by reference to the patent and by metes and bounds. Following the description was this: "Mem.—This deed is made in order to cancel a bond and fulfill the conditions thereof executed by me to Geo. M. Patrick, January 1, 1839, which bond is of record in Harris County record of deeds, C, p. 297." The bond referred to was for the south half of the 12 labors. On its face this deed appears to be a conveyance of the entire track, notwithstanding the memorandum contained in it, but as Reynolds had already conveyed the north half of the tract to Catherine Rourke, Patrick got title to only the south half. It would be a good outstanding title against Patrick and his vendees, although the conveyance from the Rourkes to Clopper had failed to pass their title.

There is nothing to show that Reynolds ever rescinded his deed to Catherine Rourke for failure to pay the purchase money, and the contention of the defendants that he rescinded it by his conveyance to Pat-

rick cannot be sustained. The Patrick deed was not executed until more than ten years after the date of the Rourke notes. The presumption is that these notes had then been paid.

The judgment of the court below will be reversed, but as the deed from the Rourkes to Clopper was excluded from the evidence, and the defendants were not called upon to offer any evidence in rebuttal of this deed, they should not be cut off from an opportunity to do so: therefore the cause will be remanded for another trial.

*Reversed and remanded.*