Missouri, Kansas & Texas Railway Company of Texas et al. v. S. A. Lawson.

Decided April 21, 1909.

1.—Continuance—Materiality of Testimony.

An application for continuance to obtain testimony must show that it is material to the applicant. This does not appear from a statement that the testimony will bear upon a certain issue in the case without indicating that it would be favorable to the party.

2.—Continuance—Diligence.

A delay of two weeks before trial without effort to procure the taking of depositions after the interrogatories were crossed, shows lack of diligence.

3.—Shipment—Joint and Several Liability—Findings of Court.

A finding by the Court holding two connecting carriers jointly and severally

liable for damages in transportation of livestock was harmless, if erroneous, where the judgment was only against each severally for damages incurred on its line.

**4.—Connecting Carrier—Joint Liability—Pleading—Evidence.**

In a domestic shipment over connecting lines of railway the carriers are jointly liable in an undertaking for through transportation; an answer setting up distinct contracts of shipment with each road and making them exhibits to the pleading does not disprove such joint liability where the contracts were not offered in evidence; they were not brought in evidence by being exhibited in pleading.

**5.—Shipment—Cross-Assignment of Error—Briefs.**

An appellee who was entitled to a joint judgment against the appellants but has not objected in the trial court nor by cross-assignment of error to separate judgments against each for the liability separately incurred by him, can not have such judgment corrected merely by suggestion made in his brief.

Appeal from the County Court of Hays County. Tried below before Hon. Ed. R. Kone.

*D. K. Woodward, Jr.* and *Fiset & McClendon,* for appellants.— The last paragraph of the court's second conclusion of law, to the effect that defendants are jointly and severally liable for the entire amount of damage, is contrary to the law and the evidence and not supported by the evidence, and the trial court committed error in said finding. Railway Co. v. Shoat, 51 S. W. R., 261; Railway Co. v. Mayes, 44 Texas Civ. App., 31; Revised Statutes of 1895, art. 2318.

*Will. G. Barber,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by Lawson against the Missouri, Kansas & Texas Railway Company of Texas, and the Texas & New Orleans Railway Company, to recover of appellants damages in the sum of $900 on account of the careless and negligent handling and delay on the part of appellants of two carloads of horses, shipped by appellee from New Braunfels, Texas, to Orange, Texas. The horses were transported from New Braunfels to Houston over the Missouri, Kansas & Texas Railway, and from the latter place to Orange over the Texas & New Orleans railroad.

The case was tried before the court without a jury and judgment rendered in favor of the plaintiff against the "Katy" Company for $750, and against the Texas & New Orleans Company for $150. There is in the record conclusions of law and fact found by the trial court, which we approve.

Appellant's first assignment of error complains of the action of the trial court in overruling an application for continuance. Several objections can be urged to this application, each of which is sufficient to justify the ruling of the trial court. It appears from the application that the witnesses whose depositions were desired resided, some in Orange County and some in Bastrop County. It appears that about two weeks before the trial interrogatories were propounded to these witnesses, which were crossed by the appellee, but it does not

appear that any commission was issued authorizing the officer into whose possession the interrogatories were delivered, to take the depositions and answers of the witnesses. While it appears that this is a first application for continuance, there is no affirmative statement that the testimony desired was material; but it does undertake to state that the appellants expected to prove the condition of the horses upon their arrival at Orange and their market value at that point and the manner in which they were handled by the railway companies. There is no statement as to what this evidence would be. There is nothing to indicate that it would in any manner be favorable to the appellant. So far as can be ascertained from any statement contained in the application, the evidence expected to be proven might be to the advantage of the plaintiff. Again, we are inclined to the opinion that, under the circumstances, the appellants have failed to show diligence. This case was pending some time before the interrogatories were propounded, and there is no statement in the application that the facts expected to be proven by those witnesses were known, and that the appellants were not aware of the fact that they would testify thereto, and we think that the trial court properly reached the conclusion, in view of this fact, that waiting two weeks before trial in making an effort to procure this evidence was a lack of diligence upon the part of the appellants. They do not undertake to state any reason why the notary had not taken the deposition of these witnesses, and why they were not returned into court prior to the trial.

Appellants' second and third assignments complain of the conclusion reached by the trial court that the defendants were jointly and severally liable for the entire amount of damages. We do not construe the judgment of the trial court to that effect. The trial court rendered a separate judgment against each of the defendants, and the judgment did not undertake to hold them jointly and severally liable. But however, upon this point, in view of the evidence and an application of the article of the statute that permits a judgment of joint liability against connecting carriers in a domestic shipment, the court could well have found a joint judgment against both roads. There is evidence which would justify the conclusion that this was a continuous shipment over the two roads from New Braunfels to Orange; and while it is true that the appellant has appended to its answer separate and distinct contracts of shipment entered into with each road, they were not offered in evidence. We do not understand the rule to be that because a written document is an exhibit to pleadings that it necessarily should be considered as evidence in the case; but, on the contrary, in order to make the exhibits available as evidence they should be introduced for that purpose on the trial.

What we have just said disposes of the appellant's first assignment of error on behalf of the Texas & New Orleans Company.

We have examined the facts with reference to the point presented in the latter road's second and third assignments of error, and are of the opinion that the evidence is sufficient to justify the judgment rendered against it.

There is a suggestion in appellee's brief that he is entitled to have the judgment reformed and a joint judgment rendered against both

companies for the entire amount of damages found by the trial court. We are inclined to the view that if this question had been properly raised the appellee's request should be granted; but so far as anything to the contrary appears in the record, the appellee was content in the court below with the several judgments rendered there. There was no request made of that court that a joint judgment be rendered, nor does the record contain any objection to the action of the court in that respect, nor is there any cross assignment of error raising this point. It is merely raised by a suggestion in appellee's brief.

We find no error in the record and the judgment is affirmed.

*Affirmed.*