UNDERWOOD v. JORDAN. (No. 5328.)

(Court of Civil Appeals of Texas. Austin. March 25, 1914.)

1. APPEAL AND ERROR (§§ 690, 757*)—RECORD —MATTERS PRESENTED FOR REVIEW.

Error could not be predicated upon the admission of the testimony of witnesses claimed to be inadmissible under the pleadings, where neither the brief nor the bill of exceptions showed what the witnesses testified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908, 3092; Dec. Dig. §§ 690, 757.*]

2. SALES (§ 130*)—ACTIONS FOR RESCISSION— PETITION—RELIANCE ON REPRESENTATIONS.

In an action by a purchaser of mares to rescind for false representations, a petition alleging the representations that they were false, and that the purchaser gave faith and credit to them, and on account thereof was induced to enter into the contract, sufficiently alleged the purchaser's reliance on the representations, and that they were a material inducement, to admit evidence as to the making of the representations.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 322–324; Dec. Dig. § 130.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REPETITION.

It was not error to refuse a special charge which, so far as applicable, was covered by the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. SALES (§ 38*)—RESCISSION—GROUNDS—MISREPRESENTATIONS.

A buyer of horses induced to make the contract by reason of false representations was entitled to recover, in an action for a rescission, irrespective of any effort on his part to ascertain the truth of the representations.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65–77, 85; Dec. Dig. § 38.*]

5. SALES (§ 130*)—ACTIONS FOR RESCISSION— INSTRUCTIONS.

An instruction that, if defendant sold plaintiff two horses, and, as an inducement for plaintiff to purchase them, made false and fraudulent representations as to their qualities, if such representations were material, if plaintiff believed them and did not know, and could not by the exercise of ordinary care have known, whether they were true or false, and if they were made for the purpose of inducing the purchase, to return a verdict for plaintiff for a rescission and the amount of the purchase price was not objectionable as failing to charge that plaintiff must have relied upon the representations and have been damaged thereby.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 322–324; Dec. Dig. § 130.*]

6. TRIAL (§ 235*)—INSTRUCTIONS—EFFECT OF PRESUMPTIONS.

In an action to rescind a contract for fraud, an instruction that contracts are presumed to be fair, and not unlawful or fraudulent, and that the party who attacks them as fraudulent had the burden of proving the fraud by positive or circumstantial evidence, was properly refused as it is improper to charge as to the effect of such presumption.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 539–541, 543–548, 551; Dec. Dig. § 235.*]

7. TRIAL (§ 240*) — INSTRUCTIONS — ARGUMENTATIVE INSTRUCTIONS.

Such charge was properly refused as argumentative, where the court had properly charged on the burden of proof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

8. PRINCIPAL AND AGENT (§ 136*)—FRAUDULENT REPRESENTATIONS—PERSONAL LIABILITY OF AGENT.

A seller of horses was not absolved from liability for fraudulent representations made by him, though he was acting as agent for another party.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. § 136.*]

Appeal from Lampasas County Court; M. M. White, Judge.

Action by Robert W. Jordan against Jack Underwood. From a judgment for plaintiff, defendant appeals. Affirmed.

Word & Walker, of Lampasas, for appellant. H. F. Lewis and J. C. Abney, both of Lampasas, for appellee.

RICE, J. On the 28th of May, 1913, appellant sold two mares to appellee for the sum of $290 cash, and this suit was brought by appellee against appellant for cancellation and rescission of said sale, or in the alternative for damages, alleging that appellant falsely and fraudulently represented said mares to be sound, safe, and true pullers, and that they were five and eight years of age, respectively, and, believing said representations to be true, he was induced to purchase same. After general demurrer and general denial appellant specially answered, admitting that he sold the animals, as alleged, to appellee, but did so as agent for Crouch, the owner thereof, and denied that he had made any misrepresentations with reference thereto, but, on the contrary, that he told appellee that he had never seen said horses worked, but that Crouch had worked them. In a supplemental petition appellee alleged that appellant represented that he had traded for said mares, and that they belonged to him, and that he had no notice whatever that the same belonged to Crouch or any other person. There was a jury trial, resulting in a verdict and judgment for appellee rescinding the contract of sale, and awarding judgment in his favor for the sum of $290; judgment was rendered in favor of appellant, however, for the mares, from which this appeal is prosecuted.

[1, 2] By the first two assignments it is urged that the court erred in permitting Hodges and appellee to testify over appellant's objection as to the representations and statements made by the latter to appellee at the time of the trade, on the ground that there was no allegation in the pleadings that appellee relied upon such representations, and that the same were a material inducement thereto. Neither the brief nor the bill

---

of exceptions contained any statement as to what these witnesses testified, for which reason no error is shown. We differ with appellant, however, in his statement that the allegations of the petition did not warrant the introduction of the testimony complained of. The petition contained averments setting out the representations, stating that they were false, and that plaintiff gave faith and credit to them, and on account thereof was induced to enter into the contract, etc. This, we think, was amply sufficient to warrant the introduction of the testimony, and we therefore overrule each of said assignments.

[3, 4] We overrule the third assignment, because special charge No. 3, the refusal of which is complained of therein, so far as applicable, was covered by the main charge; and further because it stated an incorrect proposition of law, to the effect that plaintiff could not recover in the event he failed to exercise ordinary care to ascertain the falsity of the statements made, as he had the right to recover, if he was induced to make said trade by reason of such false statements, irrespective of any effort on his part to ascertain the truth thereof.

[5] The fourth assignment complains that the court erred in failing to charge that plaintiff must have relied upon the statements and representations of defendant before he could recover, and the fifth urges that the court erred in failing to charge that the plaintiff must have been damaged by the statements and representations of defendant before he was entitled to recover. We think the main charge in this respect not subject to the objections urged. It was as follows: "Now, if you believe from a preponderance of the evidence that on or about May 28, 1913, the defendant, Jack Underwood, sold to plaintiff two certain horses in consideration of the sum of $290, as alleged in plaintiff's petition, and if you further believe from the evidence that, as an inducement for plaintiff to purchase the horses, defendant made false and fraudulent representations to him as to the qualities of said horses, as alleged, and that if said representations were material, and plaintiff believed them to be true, and did not know, and could not by the exercise of ordinary care have known, whether said representations were true or false, and that Underwood made such representations, if any, to said Jordan for the purpose of inducing him to purchase the horses, then you will return a verdict for him for rescission and for the sum of $290." We therefore overrule said assignments.

[6, 7] The court did not err, in our opinion, in failing to give appellant's special charge to the effect that contracts are presumed to be fair, and not unlawful or fraudulent, and that the party who attacks them as fraudulent had the burden of proving the fraud by positive or circumstantial evidence, because it is improper to charge as to the effect of such presumption; besides, the charge was argumentative, and the court had properly charged on the burden of proof, for which reasons the sixth assignment is overruled.

Under the evidence appellee was not required to make any inquiry of Crouch with reference to the horses, but had the right to rely upon the statements of appellant with reference thereto, for which reason special charge No. 10 was properly refused. We therefore overrule the seventh assignment.

[8] It would have been improper to charge, as appellant contends, on the question of agency as pleaded, because the proof failed to show any such agency; but, even if it had, we do not think appellant would be absolved from liability for fraudulent representations, if any, made by him. The eighth assignment is therefore overruled.

We have carefully considered the remaining assignments, and regard them without merit, for which reason they are all overruled.

The evidence amply sustains the verdict, and, finding no error in the proceedings of the trial court, its judgment is affirmed.