**LEVY et al. v. ROSENTHAL.    (No. 414.)**

(Court of Civil Appeals of Texas. Waco. Nov. 4, 1926. Rehearing Denied Dec. 9, 1926.)

**1. Continuance ⚖═26(11)—Application for continuance to take defendants' depositions held insufficient as not showing proper diligence (Rev. St. 1925, art. 2168).**

Application for continuance to procure depositions of defendants, made parties 8 months before trial, *held* insufficient, under Rev. St. 1925, art. 2168, as not showing proper diligence where no effort was made to take their depositions until over a month before trial, and commission was sent associate counsel 16 days before trial.

**2. Continuance ⚖═34—Continuance to take defendants' depositions held properly denied, in view of admission on trial of facts to which they would have testified.**

Application for continuance to take defendants' depositions, that they were only living heirs of, and closest of kin to, plaintiff's decedent, *held* properly overruled, in view of admission of their heirship on trial.

**3. Continuance ⚖═26(11)—Refusal of continuance to procure defendants' depositions as to purpose of deeds from husband to wife held not error, where none of deeds in evidence were from husband.**

Application for continuance to take defendants' depositions, that property was deeded to plaintiff's decedent by her husband as gift for purpose of making it her separate property *held* properly overruled, where deeds referred to were introduced ,in evidence and were executed by other parties.

**4. Continuance ⚖═23—Refusal of continuance to procure defendant's depositions that they were not aware of will, held not error, where will was not admitted in evidence.**

Application for continuance to procure defendants' depositions that they were not aware of plaintiff's decedent's will, which bequeathed

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

nothing to them, but was not admitted in evidence, *held* properly overruled.

**5. Continuance ⬅⬛45 — Motion for continuance, stating only conclusions desired to be proved by depositions, held insufficient.**

Motion for continuance, not stating facts expected to be proved by nonresident defendants' depositions, but stating only conclusions which "they desired" to prove, *held* insufficient.

**6. Appeal and error ⬅⬛1043(7)—Refusing continuance to procure depositions held not prejudicial, in view of admissions, evidence, and exclusion of evidence, on trial (Rev. St. 1925, art. 2168).**

Refusal of motion for continuance to procure defendants' depositions *held* not prejudicial, within Rev. St. 1925, art. 2168, in view of admissions, evidence, and exclusion of evidence, on trial.

**7. Continuance ⬅⬛29—Defendants could not claim surprise by discovery of will, pleaded by plaintiff 8 months before trial, as ground for continuance.**

Where plaintiff executor pleaded will as muniment of title 8 months before trial, and had it probated 4½ months later, defendants could not claim surprise by discovery of will and its probate only few days before trial as ground for continuance until county court disposed of their motion then filed to set aside probate.

**8. Appeal and error ⬅⬛1043(7)—Defendants cannot complain of refusal of continuance for surprise by discovery of will, excluded from evidence and constituting link in plaintiff's title.**

Where will and its probate were excluded from evidence, and its admission would have constituted link in plaintiff's title, defendants were not injured and cannot complain of refusal of continuance until county court disposed of their motion to set aside probate on ground that they had no notice of will until few days before trial.

**9. Appeal and error ⬅⬛690(2)—Overruling objection to question is not available error, where bill of exceptions does not show that witness answered or what answer was.**

Error cannot be predicated on overruling of objection to question, where bill of exceptions does not show that witness answered it or what answer was.

**10. Husband and wife ⬅⬛262(1)—Husband deeding community property to wife is presumed to have intended to make it her separate property.**

Where title to land deeded to wife by husband was in his name as part of community, presumption is that he intended to make it her separate property.

**11. Husband and wife ⬅⬛262(1)—Land purchased with community funds by husband taking title in wife's name presumably belongs to community.**

Where husband buys land with community funds, and takes title in wife's name, property presumptively belongs to community, in absence of recital in deed or showing to contrary.

**12. Husband and wife ⬅⬛270(9)—Whether land paid for with community funds and conveyed to wife became her separate property held fact question.**

Whether property paid for by husband with community funds, and conveyed to wife during marriage, became her separate property or community property, *held* a fact question.

**13. Husband and wife ⬅⬛264—Finding that land, purchased with community funds and conveyed to wife, was community property, held supported by evidence.**

Trial court's finding that land, purchased by husband with community funds and conveyed to wife, was community property, *held* supported by evidence.

Appeal from District Court, Leon County; Carl T. Harper, Judge.

Action by Z. A. Rosenthal, executor of the estate of Nathan Bloom, deceased, against Seraphine Block Levy and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Lyle Saxon, of Dallas, for appellants.
J. H. Synnott, of Dallas, for appellee.

STANFORD, J. This suit, as originally brought, was by Z. A. Rosenthal, executor of the estate of Nathan Bloom, deceased, against the unknown heirs of Theresa Bloom, deceased, to recover title to several tracts of land in Leon and Freestone counties. The allegations were that all of said land was community property of Theresa Bloom and Nathan Bloom, and that Theresa Bloom died intestate and without children, and thereupon all of said land became the property of Nathan Bloom, and, further, that plaintiff claimed under a will of Theresa Bloom, that later Nathan Bloom died, having made a will, and that the plaintiff was the duly appointed and qualified executor under that will. It was alleged that some of the tracts of land were conveyed by deed to Theresa Bloom, but that they were paid for with community funds and belonged to the community. By an amended petition filed February 4, 1925, the parties who are now appellants, having been located through attorneys representing them, were made parties defendant, and in that amended petition it was alleged that among the titles which the plaintiffs had was title by limitation, and also under a will made by Theresa M. Bloom. The appellants filed an answer on October 2, 1925, pleading very fully that they were the heirs and only heirs of Theresa Bloom, and that the land in controversy was the separate property of Theresa Bloom, and that Theresa M. Bloom died intestate, and that on her death they inherited from her a one-half interest in said lands.

The case was tried before the court without a jury on November 4, 1925, and judgment rendered for appellee, Z. A. Rosenthal,

⬅⬛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

executor of the estate of Nathan Bloom, deceased.

[1, 2] Under appellants' first assignment they contend the court erred in overruling their application for a continuance. Said application is based upon the failure to procure the depositions of the appellants—parties to this suit—some of whom resided at New Orleans, La., and others in Birmingham, Ala. The record discloses that appellants were represented by Mr. Lyle Saxon of Dallas and Edgar M. Cahn of New Orleans; that the petition making appellants parties to the suit, and on which the case was tried, was filed February 4, 1925, some eight months before the trial; that no effort was made to take the depositions of said parties to the suit until September 28, 1925, a little more than a month before the trial; that the commission to take the answers was issued, and on October 19th sent to Mr. Cahn, associate counsel, with request that he have the depositions taken at once, but Mr. Cahn, being busy at other matters, had not had said depositions taken and returned when the case was called for trial November 4, 1925. We think the application was insufficient, in that it failed to show proper diligence, especially in view of the fact these witnesses were parties to the suit. Again said application states:

"That the testimony of said defendants is material to the issues in this cause, in that they desire to prove that they are the only living heirs of Theresa M. Bloom, deceased."

This fact was admitted on the trial and an affidavit of heirship introduced in evidence. Again said application states:

"That they desire to prove that they are the closest of kin to the said Theresa M. Bloom and as such are entitled to inherit her estate," etc.

This was wholly immaterial in view of the admission of heirship.

[3] Said application recites further:

"That furthermore they desire to prove that the property deeded to Theresa M. Bloom * * * was deeded to her under a deed of gift to her by her husband for the purpose of making said property her separate and independent property, and that said property did not constitute community property, but was the separate property of Theresa M. Bloom by a deed of gift."

The deeds referred to were introduced in evidence, and none of them were by Theresa Bloom's husband to her, but were by other parties.

[4-7] Again the application recites:

"Furthermore, these defendants show that they were not aware and their counsel was not aware of the fact that a will was left by Theresa Bloom," etc.

This will bequeathed the property in controversy to Nathan Bloom, nothing to appel-

lants, but was not admitted in evidence. The motion for continuance was insufficient, in that it failed to show due diligence to procure said depositions. It was insufficient, in that appellants failed to state the facts they expected to prove by said defendant witnesses, and stated only conclusions which "they desired" to prove. It is also clear appellants could not have sustained any injury by reason of said motion being refused. Revised Statutes 1925, art. 2168; Paige v. Menke (Tex. Civ. App.) 158 S. W. 1030; Barrow v. Bement (Tex. Civ. App.) 239 S. W. 273; Willis v. Sanger Bros., 15 Tex. Civ. App. 655, 40 S. W. 229; Loring v. Jackson, 43 Tex. Civ. App. 306, 95 S. W. 19; M., K. & T. Ry. Co. v. Lawson, 55 Tex. Civ. App. 388, 119 S. W. 921. There is no merit in appellants' contention that they were entitled to a continuance by reason of the fact they had no notice of the will until a few days before the trial.

[8] The record discloses that Theresa Bloom left a will bequeathing all her property to her husband, Nathan Bloom. Nathan Bloom never had said will probated. The executor of Nathan Bloom's estate, appellee herein, discovered said will, and on June 20, 1925, had same probated. In appellee's pleading, on which the case was tried, filed February 4, 1925, 8 months before the case was tried on November 4, 1925, he pleaded said will as a muniment of title. The appellants all filed their answer to said pleading of appellee on October 2, 1925. Only a few days before the case was called for trial, appellants filed a motion in the probate case in the county court to set aside the probate of said will, and, among other grounds discussed above, claimed they were surprised by the discovery of said will and its probate, and sought a continuance until disposition of their proceeding in the county court. Appellants were not in position to claim surprise, for they had at least constructive notice of said will and its probate some 8 months before this case was called for trial. As the trial court refused to admit in evidence said will and its probate on the ground it had not been probated within 4 years after the death of Theresa Bloom, on the objection of appellants, and its admission could not have aided appellants, but would have constituted a link in the title of appellee, appellants could not, in any event, have suffered any injury, and are in no position to complain of the action of the trial court in refusing a continuance on the ground here discussed. This assignment is overruled.

[9] Under other assignments, appellants contend the trial court erred in overruling their objection to the tenth and thirteenth interrogatories propounded to the witness Mrs. Bloom Levy, as shown by their bills of exception Nos. 2 and 3. The bills of exception referred to show that appellants objected to said interrogatories Nos. 10 and 13, setting out each of said interrogatories and the grounds of their objection, and that the trial

court overruled their objections; but said bills of exception do not show whether or not the witness answered said interrogatories, and, if so, what answer was given. Even in his statement under his propositions counsel does not show that the witness answered said interrogatories, nor what such answers were, if any. It is the settled law in this state that 'error cannot be predicated upon the overruling of an objection to a question where the bill of exception does not show that the witness answered such question, or, if so, what such answer was. Goodwin v. Biddy et al. (Tex. Civ. App.) 149 S. W. 739; G., C. & S. F. Ry. Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608; Selkirk v. Watkins (Tex. Civ. App.) 105 S. W. 1161; G., H. & S. A. Ry. Co. v. Paschall, 41 Tex. Civ. App. 357, 92 S. W. 446; Mullen v. G., H. & S. A. Ry. Co. (Tex. Civ. App.) 92 S. W. 1000; Underwood v. Jordan (Tex. Civ. App.) 166 S. W. 88. We overrule this assignment.

Under other assignments, and their fifth, sixth, and seventh propositions thereunder, appellants contend, in effect, that the judgment of the trial court is without evidence to support it, especially as to tracts 1 and 4 as described in appellee's petition. The record shows that Nathan Bloom and Theresa Bloom were married in New Orleans, May 14, 1873; that at the time of their marriage neither of them had any money or owned any property, and that neither of them, after their marriage, acquired any money or property by gifts, devise, or descent; that they lived in various places, and finally moved to Buffalo, Leon County, Tex., about twenty-five years prior to Theresa Bloom's death; that they had no property at the time they moved to Buffalo in Leon county; that all of the property in controversy was acquired by Nathan Bloom and wife, Theresa Bloom, during the time they lived together as husband and wife in Leon county, Texas, and was paid for with community funds—funds acquired by their joint labor during the marriage relation; that Theresa Bloom died May 14, 1913, and Nathan Bloom died February 10, 1923. Of the ten or eleven tracts of land, most of them small tracts, acquired by Nathan Bloom and Theresa Bloom while husband and wife, and paid for with community funds, a 160-acre tract and a 640-acre tract was deeded to Theresa Bloom, and one tract of 100 acres was deeded to Bobbette Bloom, a sister of Nathan, who lived with Nathan and Theresa, and the remainder was deeded to Nathan Bloom.

[10, 11] Appellants do not controvert the fact that all this property was acquired by Nathan Bloom and Theresa Bloom while husband and wife, and that it was paid for with community funds, but appellants contend that the evidence was sufficient to show as a matter of law that Nathan Bloom made a gift to Theresa of the two tracts deeded to her, and that the court erred in failing to so hold. If the title to the two tracts of land in question had been in Nathan Bloom as a part of the community of himself and wife, and Nathan had deeded said land to his wife Theresa, then the presumption would arise that he intended to make it her separate property. The reason assigned for this holding is that it is presumable that it was the intention that the deed executed under such circumstances would have some effect, and, if the deed made no change in the ownership of the property, its execution would be useless and meaningless. Story v. Marshall, 24 Tex. 306, 76 Am. Dec. 106; Higgins v. Johnson, 20 Tex. 389, 70 Am. Dec. 394; Brown v. Brown, 61 Tex. 58; Hunter v. Hunter (Tex. Civ. App.) 45 S. W. 821; Mann et al. v. White et al. (Tex. Civ. App.) 236 S. W. 783. But that is not the case here. Nathan Bloom made no transfer which would be useless and vain if the purpose to change the title be not imputed to it. This is a case where the husband buys land with community funds and takes the title in the wife's name. In such cases the settled law in this state is, in the absence of any recital in the deed or showing to the contrary, that the property so acquired belongs presumptively to the community. Higgins v. Johnson's Heirs, 20 Tex. 389, 70 Am. Dec. 394; Clopper v. Sage, 14 Tex. Civ. App. 296, 37 S. W. 363; Carmichael v. Williams et al. (Tex. Civ. App.) 268 S. W. 502; Kin Kaid v. Lee, 54 Tex. Civ. App. 622, 119 S. W. 342.

[12, 13] In this case the purchase money for said lands was community funds, and in consummating such purchases the deeds were made by the grantors direct to Theresa Bloom, and there are no recitations in said deeds or other circumstances attending such purchases indicating an intention on the part of Nathan Bloom or Theresa Bloom that said lands should be her separate property. The record discloses further that all said land was leased to tenants by Nathan Bloom, that he collected the rents, paid taxes on same, and at all times claimed it and referred to it as his own. Mrs. Bobbette Bloom Levy, a sister of Nathan Bloom, testified she was 79 years old, and that she lived with Nathan and Theresa most of the time for about 50 years, and was living with them during the time all of said land was acquired; that the 100 acres deeded to her she later deeded to Nathan. This witness testified further that she knew of her own individual knowledge that none of that property belonged to the estate of Theresa Bloom; that she acquired knowledge of this land from Nathan Bloom or Theresa Bloom or both of them from her intimate association with both of them for a great many years, and knew that all the property was paid for by Nathan Bloom and none of it was the estate of Theresa Bloom; that she knew that because they told her so; that Theresa Bloom never had any property of her own, but that some property that was purchased by Nathan Bloom may have been

placed in her name; that "Nathan Bloom told me he did this because they had no children and if he should die the property would be hers without the trouble of court proceedings." The fact that the property in controversy was conveyed to Theresa Bloom during her marriage relation with Nathan Bloom, without any recitations in the deeds indicating an intention to make it her separate property, created the presumption that it was community property, and would authorize a finding that it was such, in the absence of any evidence to overcome such presumption. If appellants could have proved that said property was paid for with funds belonging to Theresa Bloom as her separate property, this would have been sufficient to overcome such presumption of community, but the evidence not only failed to show this, but showed affirmatively that it was paid for with community funds. Then there is nothing to overcome this presumption that it was community unless, as appellants contend, it is overcome by the supposed declaration of Nathan Bloom to his sister, Bobbette Bloom Levy, copied above. But there is no evidence when this declaration by Nathan Bloom was made. It may have been made long after the deeds were made to Theresa. This declaration of Nathan Bloom, as testified to by his sister, Bobbette Bloom Levy, was:

"He told me he did this (had deeds made to Theresa) because they had no children, and, if he should die, the property would be hers without the trouble of court proceedings."

This declaration is not to the effect that he intended the property to become the separate estate of his wife, but is to the effect that, if he died, then the wife could have it without any probate order. This does not indicate that he intended she should have any special interest until after his death. It would seem from this declaration, if he made such declaration, that he had said deeds made to the wife for her convenience only in case of his prior death. As to whether or not he made such declaration to Mrs. Levy, and, if so, the effect of same under all the circumstances and in view of all the evidence, were questions of fact to be determined by the trial court. As we view the case, it was a question of fact for the trial court as to whether the property conveyed to Theresa Bloom thereby became her separate property or was the community property of herself and Nathan. The trial court found said property to be community, and this finding we think is amply supported by the evidence.

We have considered all of appellants' assignments and finding no reversible error, overrule same, and affirm the judgment of the trial court.