## HILDERBRAND v. LUMBROFF.

No. 12874.

Court of Civil Appeals of Texas. Dallas.
April 6, 1940.

Rehearing Denied May 11, 1940.

W. P. Longcope and W. F. Bane, both of Dallas, for appellant.

George T. Burgess, of Dallas, for appellee.

BOND, Chief Justice.

On March 24, 1933, Pete Lumbroff executed and delivered to his wife, Barbara Lumbroff, a promissory note, payable to her order, in the sum of $1,184, with interest and attorney's fees. The note recites: "This note, to the extent of the amount herein mentioned, represents money this day borrowed by Maker from the said Barbara Lumbroff and, to secure the credit thus extended, I have this day, by my certain deed of trust, conveyed to Mrs. Joseph McElroy, Trustee, the following lot or parcel of land: * * *" (here describes the land). The deed of trust mentioned in the note, in form customarily employed in such transactions, was executed in accordance with the reading of the note. Pete Lumbroff died and, in due time, E. A. Hilderbrand was appointed administrator of his estate, and, thereafter, the note and claim against the estate arising thereunder were properly verified and presented to the administrator for allowance, and the deed of trust lien established on lands mentioned in the note and deed of trust. The administrator returned the note and claim with his disapproval and disallowance duly noted thereon, resulting in plaintiff's bringing this suit. On trial before the court, judgment was entered, establishing the indebtedness as a valid and subsisting claim against the estate of Pete Lumbroff, and secured by deed of trust lien upon the real estate described, classified and directed to be paid, and the lien foreclosed as an approved and matured secured claim of the third class, payable in due course of administration.

While, ordinarily, property acquired by either husband or wife during marriage, except that which is the separate property of either one or the other, in the absence of pleadings and proof to the contrary, is deemed community property, and the legal presumption prevails that it was intended, at the time it was

318

acquired, to be community; but, where a transaction is between the husband and wife, relating to property previously acquired, as in the case at bar, where the wife becomes the creditor of the husband, evidenced by note payable to her order and reciting that same "represents money this day borrowed by Maker from the said Barbara Lumbroff", and she accepts the beneficial interest in a deed of trust executed by her husband securing the note upon either his separate or community property, as between them, their heirs and legal representatives, the presumption prevails that they intended the debt and lien to be the wife's separate estate.

Courts must give some effect to such transactions. It cannot be presumed that the parties to the note and deed of trust did not intend some legal effect to be attached to their acts. If the property represented by the note and deed of trust was community, and the parties thereto made no change in the ownership, and, after the execution of the note and deed of trust, it still remained community property, as contended by appellant, then certainly their acts were useless and meaningless. We cannot give such construction to transactions of this character; on the contrary, in the absence of pleadings and proof showing that the note and deed of trust represent community property, we must hold that, prima facie, the note and deed of trust establish separate property in the wife. Levy v. Rosenthal, Tex.Civ. App., 288 S.W. 845; Emery v. Barfield, Tex.Civ.App., 183 S.W. 386. The judgment of the court below is affirmed.

Affirmed.